REGIERUNGSPRAESIDENT LAND NORDRHEIN-WESTFALEN, Respondent, *v.* ERICH ROSENTHAL, Appellant.

First Department, October 23, 1962.

*Harry Robert Varon* of counsel (*Lothar E. Nachman,* attorney), for appellant.

*Fritz Weinschenk* of counsel (*Ellen Gray Williams* with him on the brief; *Hamburger & Weinschenk,* attorneys), for respondent.

BOTEIN, P. J. Defendant appeals from an order granting plaintiff's motion for summary judgment and denying defendant's cross motion for judgment on the pleadings dismissing the complaint. Plaintiff is one of the Federated States of the Federal Republic of Germany and the issue relates to the effect to be given by our courts to a law of that country and the proceedings taken thereunder. Certain pertinent provisions of that law are set forth in the complaint, and their effectiveness is admitted by the answer. Plaintiff's version of the law is attested by the affidavit of the head of the agency in charge of its administration in plaintiff's jurisdiction and, as defendant has filed no opposing affidavits, will be accepted (*Van Slochem* v. *Villard,* 207 N. Y. 587, 590; *Read* v. *Lehigh Val. R. R. Co.,* 284 N. Y. 435, 444; cf. *Hanna* v. *Lichtenhein,* 225 N. Y. 579; *Pope* v. *Heckscher,* 266 N. Y. 114, 117). Also, the revocation award, hereafter mentioned, upon which this action is based is recited in the moving papers and bears out plaintiff's construction of the law.

The litigation stems from the enactment by the Federal Republic of Germany of a so-called Federal Indemnification Law designed to afford a measure of compensation for damages suffered by victims of Nazi persecution. Administration of the law is entrusted to the respective Federated States. Defendant, now a New York resident and citizen, had formerly been a German national residing within plaintiff's territory. He filed a claim with plaintiff's indemnification office and was granted two awards, the amount of which was paid him in New York City in February, 1958.

Section 7 of the Indemnification Law, the content of which is set forth in the complaint and which defendant's answer admits, authorizes the denial of a claim "if the claimant, in order to obtain indemnification, utilizes improper means, makes, causes to be made, or permits to be made, intentionally or through gross negligence, false or misleading statements concerning the basis for or amount of the damage". Denial for such reasons is also permitted "after determination", and "The return of performances already rendered may be demanded". After payment of defendant's claim, plaintiff received information from which it concluded that in his application defendant had "intentionally, or at least grossly negligently" misrepresented material facts. Accordingly, on October 10, 1958, plaintiff through its indemnification office issued a so-called revocation award, which "was served on the defendant in New York in the manner prescribed by law on November 21, 1958". This document revoked the monetary awards theretofore granted, gave the factual reasons for the decision to revoke in considerable detail,

and recited that defendant was obligated to repay the compensation which he had received. It also apprised the defendant of his right, "within a time limitation of six months, commencing on the day of service", to contest the revocation in the County Court of Duesseldorf.

Defendant's answer admits "receipt of a paper purporting to be a revocation of the award to defendant", but, as he took no steps to contest the revocation within the permitted time, plaintiff brought the present suit to recover the payment it had made. The complaint states two causes of action, the first founded on the revocation award, the second sounding in fraud. Special Term's disposition was grounded on the first cause alone and we may confine our consideration similarly. With respect to that cause defendant questions the jurisdictional basis of the award and he impugns its enforcibility in any event for the reason that it was not rendered by a court.

Defendant was the "actor" in the proceedings before the agency whose jurisdiction he attacks (for the sense in which this word is used, see *Johnston* v. *Comp. Generale Transatlantique*, 242 N. Y. 381, 388). He initiated them by filing in Germany an application which stated that it was being submitted "pursuant to the federal law for the indemnification of victims of National Socialist persecution". In addition to affirming the truth of the statements contained in the application, he acknowledged that it was known to him that "according to paragraph 7 of the law" misstatements made knowingly or with gross negligence might result in denial of the application. He consented to the processing of his application in accordance with the law and to the receipt of the benefits of that legislation. In these circumstances he must be held to have consented to the further proceedings, directly related to his application, which were contemplated by the law he had himself invoked, and to jurisdiction over him for the purpose of such proceedings (*Gilbert* v. *Burnstine*, 255 N. Y. 348; *Matter of Heyman, Inc.*, v. *Cole Co.*, 242 App. Div. 362; *Copin* v. *Adamson*, L. R. 9 Ex. 345 [1874]; Goodrich, Conflict of Laws [3d ed.], p. 198; 1 Beale, Conflict of Laws, § 82.8; Borm-Reid, Recognition and Enforcement of Foreign Judgments, 3 Int. & Comp. L. Q. 49, 77). As said in *Gilbert* v. *Burnstine* (*supra*, p. 358), "there was an implied submission to the terms of the act itself, and to any rules or procedural machinery adopted by competent authority in aid of its provisions".

Granted such submission, our courts may nevertheless decline to recognize determinations of tribunals of foreign countries if they contravene our public policy (*Rosenbaum* v. *Rosenbaum*,

309 N. Y. 371). We find no contravention here. While plaintiff is a sovereign, its aim is merely the restoration of an outlay wrongfully obtained from it. The object of the action is not "vindication of the public justice", but "reparation to one aggrieved" (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 103; Beale, *op. cit.*, Vol. 2, § 444.1; Vol. 3, § 610.3). Nor has there been, procedurally, any material departure from American standards of fairness. Defendant was served with a copy of the revocation award and given the privilege of contesting it in court, with ample time to institute the contest (cf. Civ. Prac. Act, § 1286). Some complaint is made that the law does not prescribe a hearing before the indemnification office, but the opportunity for judicial review renders this objection insubstantial (*Hood* v. *Guaranty Trust Co.*, 270 N. Y. 17, 25; *Coffin Bros.* v. *Bennett*, 277 U. S. 29).

Treating the revocation award as but an emanation of an administrative agency and not a judgment, defendant argues that it lacks sufficient standing to warrant recognition. But the question is not before us in the abstract (cf. Restatement, Judgments, Introduction, p. 2). Here, by reason of defendant's default in exercising his privilege of contesting the award in court, it became binding and subject to execution, according to the affidavits. "If the debtor does not demand a trial the execution does not need the sanction of a judgment" (*Coffin Bros.* v. *Bennett, supra,* p. 31).*

The parties have not argued, nor have we considered, the possible applicability of the doctrine of such cases as *International Shoe Co.* v. *Washington* (326 U. S. 310) and *McGee* v. *International Life Ins. Co.* (355 U. S. 220) as it is being interpreted (see *Fremay* v. *Modern Plastic Mach. Corp.*, 15 A D 2d 235, 238; Reese and Galston, Doing An Act Or Causing Consequences As Bases of Judicial Jurisdiction, 44 Iowa L. Rev. 249; Hoffman, The Plastic Frontiers of State Judicial Power, 24 Brooklyn L. Rev. 291). But we may say that under the present

---

* As to the status of foreign administrative determinations under the full faith and credit clause of the Federal Constitution, see *City of Philadelphia* v. *Cohen* (11 N Y 2d 401), and the citations in Judge FULD's dissenting opinion. While that case dealt primarily with the effect of the full faith and credit clause, it also held that comity does not require enforcement of a tax liability imposed by a foreign administrative agency, although the liability had become final by reason of the taxpayer's failure to seek a review. The emphasis of the decision was on the nature of the liability, and we perceive no intimation that, where the liability is one which our courts would recognize under comity if determined by a foreign court, recognition is to be withheld merely because the determination, though it has achieved finality, is the product of a foreign administrative agency (cf. Restatement, Conflict of Laws, §§ 71, 429).

facts plaintiff's jurisdictional reach and the procedure for its implementation seem " reasonable and just, according to our traditional conception of fair play and substantial justice " (*International Shoe Co.* v. *Washington, supra,* p. 320).

The order should be affirmed, with costs.

BREITEL, RABIN, STEVENS and EAGER, JJ., concur.

Order, entered on August 15, 1961, unanimously affirmed, with $20 costs and disbursements to respondent.