■ GREGORY V. SERIO, Superintendent of Insurance of the State of New York, as Liquidator of NASSAU INSURANCE COMPANY, Respondent, v ARDRA INSURANCE COMPANY, LTD., Defendant, and RICHARD A. DiLORETO et al., Appellants. [761 NYS2d 1] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered April 18, 2002, upon a jury verdict in favor of Gregory V. Serio, Superintendent of Insurance of the State of New York, in his capacity as Liquidator of Nassau Insurance Company (Liquidator), against both of the DiLoreto defendants in the amount of $20,507,456.86, and against defendant Richard DiLoreto alone in the additional amount of $8,293,008.49, unanimously affirmed, with costs.

Under the facts presented, the trial court properly concluded that New York law governed disposition of the issue of whether the corporate veil of Ardra Insurance Company (Ardra), a reinsurance company, should be pierced to hold the individual defendants liable for a corporate debt (*see Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 380-381 [1969]; *Curiale v Tiber Holding Corp.*, 1997 WL 597944, 1997 US Dist LEXIS 14563 [ED Pa, Sept. 18, 1997]; *Foster v Berwind Corp.*, 1991 WL 21666, 1991 US Dist LEXIS 1988 [ED Pa, Feb. 13, 1991]). Although incorporated in Bermuda, Ardra's contacts with that jurisdiction were minimal. It was not authorized to sell insurance in Bermuda or to do business with Bermuda residents. It was controlled by defendant Richard DiLoreto from New York and all the transactions complained of occurred in New York.

Defendants-appellants' claim that the Liquidator is equitably estopped from asserting that Ardra was a controlled person under the Insurance Law is without merit. It is established that the doctrine of equitable estoppel will not bar a governmental agency from changing its position in the exercise of a governmental function (*see Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130 [1990]; *Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied and appeal dismissed* 488 US 801; *Matter of People [International Workers Order]*, 199 Misc 941, 977-978 [1951], *affd* 280 App Div 517 [1952], *affd* 305 NY 258 [1953], *cert denied* 346 US 857 [1953]).

Contrary to defendants-appellants' claim, the evidence provided ample support for the jury's finding that the transactions at issue between Ardra and Nassau Insurance Company, pursuant to which Ardra undertook to reinsure Nassau against certain risks for which it, Nassau, had provided coverage, were unfair and inequitable to Nassau, a controlled insurer within

the meaning of the Insurance Law (Insurance Law § 1505 [a]). In this connection, the proof showed that the DiLoretos, through their control of Ardra, deprived it of the funds needed to meet its reinsurance obligations, and that that circumstance rendered the agreements at issue inequitable. Given the sequence of the transactions, in which premiums paid by Nassau were immediately transferred to other DiLoreto-owned entities, the jury was entitled to consider the sequential transfers as part of an integrated transaction (*see Orr v Kinderhill Corp.*, 991 F2d 31, 35 [1993]; *Salomon, Inc. v United States*, 976 F2d 837, 842 [1992]) designed to benefit DiLoreto entities by effectively denying Ardra's insured the coverage for which it had contracted and paid.

The verdict was not against the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498 [1978]; *Nicastro v Park*, 113 AD2d 129, 132-134 [1985]).

The record discloses that defendants-appellants consented to a verdict rendered by six of eight jurors. Accordingly, defendants-appellants waived their claim that the verdict was rendered by less than five sixths of the jury (*see McInnis v De Jesus*, 233 AD2d 152 [1996]; *cf. Measeck v Noble*, 9 AD2d 19 [1959]).

The challenged portions of the Liquidator's counsel's remarks in closing were fair comment based on the evidence and were not improper.

We have examined defendants-appellants' remaining claims and find them unavailing. Concur—Tom, J.P., Andrias, Rosenberger and Williams, JJ.