■ UBS Securities LLC et al., Respondents, v Highland Capital Management, L.P., et al., Defendants, and Highland Financial Partners, L.P., et al., Appellants. [940 NYS2d 74]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered March 3, 2011, which denied the motion of defendants Highland Financial Partners, L.P., Highland Credit Opportunities CDO, L.P., and Strand Advisors, Inc. to dismiss the amended complaint's causes of action for declaratory judgment and fraudulent conveyance, unanimously modified, on the law, to the extent of granting the motion with respect to claims arising before February 2009, and otherwise affirmed, without costs.

This Court's reversal of an order denying dismissal of the complaint in a related action (*UBS Sec. LLC v Highland Capital Mgt., L.P.*, 86 AD3d 469 [2011]), warrants dismissal of a portion of plaintiff's claims in this action due to res judicata since defendants are in privity with the defendant in the other action (*see Simmons v New York City Health & Hosps. Corp.*, 71 AD3d 410, 411 [2010], *lv denied* 16 NY3d 709 [2011]).

Contrary to plaintiff's contention, there is no need to remand the matter for a determination regarding whether defendants are in privity with defendant Highland Capital Management, L.P. The complaint seeks to hold Highland Financial liable as the alter ego of defendant Highland Special Opportunities Holding Company (SOHC). The motion court correctly ruled that New York law governs plaintiff's veil-piercing claim (*see Serio v Ardra Ins. Co.*, 304 AD2d 362 [2003], *lv denied* 100 NY2d 516 [2003]), and that such claim was sufficiently stated based on the alter ego allegations which allege, inter alia, that SOHC's sole board member is on Highland Financial's board, Highland Financial did not distinguish between its debts and obligations and those of SOHC, and that it operated SOHC and Highland Financial as a single economic entity. The fraudulent conveyance claim is also sufficiently stated with particularized detail (*see* CPLR 3016 [b]; *Holme v Global Mins. & Metals Corp.*, 63 AD3d 417, 418 [2009]), insofar as the complaint specifically alleges certain fraudulent conveyances and transfers.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Acosta, DeGrasse and Román, JJ. **[Prior Case History: 30 Misc 3d 1230.]**