Order, Supreme Court, New York County (Ellen M. Coin, J.), entered December 14, 2012, which denied defendants’ motion to dismiss the complaint seeking to enforce a foreign money judgment, and granted plaintiffs cross motion for summary judgment in the amount of the judgment plus interest, unanimously affirmed, with costs.
Contrary to defendants’ contention, the proceeding that resulted in the underlying judgment in the Bahrain Center for Dispute Resolution was not a compulsory arbitration, but a judicial proceeding. Thus, there is no special requirement for appeals and no other due process violation in defendants’ being required to litigate in that tribunal (see Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493, 505 [1970]). While the procedures of the tribunal are more restrictive than those of New York courts, they are not unlike those of many civil law jurisdictions the judgments of which are enforceable in New York. Having had notice of the hearing and an opportunity to be heard (of which they took advantage), defendants were afforded due process, even if the procedures were not as generous as those of New York (see CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 222 [2003], cert denied 540 US 948 [2003]). Nor was plaintiff required to plead the absence of each ground for nonenforcement of the judgment that might be avail *579 able as a defense under CPLR 5304. Plaintiff alleged that the judgment was “conclusive.” It thus alleged, implicitly, that none of the CPLR 5304 factors were present. Under the rule requiring that pleadings be afforded a liberal construction, this is sufficient. Concur — Sweeny, J.P., Renwick, Feinman and Clark, JJ. [Prior Case History: 38 Misc 3d 831.]