■ EPLUS GROUP INC. et al., Appellants, v SNR DENTON LLP, Respondent. [976 NYS2d 20]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered April 25, 2013, which granted defendant's motion to dismiss the first, second, fourth and fifth counts of the complaint, unanimously reversed, on the law, with costs, and the motion denied.

This action arises out of the alleged breach of a lease for IT equipment and services entered into by plaintiff and the now defunct law firm of Thacher Profitt & Wood (Thacher), a law firm that was organized as a Delaware limited liability partnership with its principal offices in New York. Plaintiff commenced this action against defendant law firm, also a limited liability partnership organized under Delaware law with offices in New York and elsewhere, alleging that it is Thacher's successor in interest under the doctrine of de facto merger and is therefore liable for Thacher's non-payment.

Contrary to the motion court's determination, New York law applies. Although both defendant and Thacher were incorporated in Delaware, their offices are in New York and the alleged de facto merger took place in New York. Although the court correctly determined that there is a conflict of law, it failed to properly conduct the choice of law analysis. Accordingly, New York's interest in this litigation is sufficient to warrant the application of New York law (*see Serio v Ardra Ins. Co.*, 304 AD2d 362 [2003], *lv denied* 100 NY2d 516 [2003]). Notably, defendant has not asserted that it has any other ties to its place of organization.

We find that under New York law, the complaint properly alleges the elements of a de facto merger, including continuity of ownership (equity partners of Thacher became SNR equity partners), Thacher's cessation of business, and SNR's opening up at the same location with the same people, clients, management and operations (*Fitzgerald v Fahnestock & Co.*, 286 AD2d 573 [1st Dept 2001]). We note that there is no basis to conclude that the law in this State with respect to de facto mergers does not apply to limited partnerships (*see* Limited Liability Company Law §§ 1213, 1216; *Hamilton Equity Group, LLC v Juan E. Irene, PLLC*, 101 AD3d 1703, 1705 [4th Dept 2012]; *Zito v Fischbein Badillo Wagner Harding*, 2005 NY Slip Op 30259[U] [Sup Ct, NY County 2005]).

Additionally, plaintiff has properly alleged facts sufficient to give rise to its claim that defendant should be estopped from denying that it is Thacher's successor in interest based on the theory of quasi-estoppel. Plaintiff alleges, on information and

belief, that defendant represented that it is Thacher's successor in interest for the purpose of obtaining a novation on contracts entered into with the federal government (*see American Mfrs. Mut. Ins. Co. v Payton Lane Nursing Home, Inc.*, 704 F Supp 2d 177, 192-194 [ED NY 2010]). Concur—Tom, J.P., Mazzarelli, Freedman, Richter and Feinman, JJ.