■ DEUTSCHE BANK, AG, Respondent, v ALEXANDER VIK et al., Appellants. [28 NYS3d 311]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered February 4, 2015, which denied defendants' motion to dismiss the complaint and to cancel a notice of pendency, unanimously affirmed, with costs.

The court correctly found that it had personal jurisdiction over defendant Sebastian Holdings, Inc. (SHI) pursuant to CPLR 303 and over defendants Alexander Vik, C.M. Beatrice, Inc. (Beatrice) and CSCSNE trust based on the well pleaded allegations that SHI and Vik are alter egos and that Vik, Beatrice and CSCSNE trust are alter egos. It also correctly

found that New York law applies to the alter ego causes of action (*see Serio v Ardra Ins. Co.*, 304 AD2d 362 [1st Dept 2003], *lv denied* 100 NY2d 516 [2003]).

The fraudulent conveyance causes of action alleging that plaintiff's injury was suffered in New York are adequately stated under the applicable New York law and timely filed (*see Loreley Fin. [Jersey] No. 28, Ltd. v Merrill Lynch, Pierce, Fenner & Smith Inc.*, 117 AD3d 463, 465 [1st Dept 2014]). At the very least, issues of fact exist as to the situs of plaintiff's injury. The unjust enrichment claim was also timely asserted.

There is no basis for dismissing the third cause of action, seeking to enforce a foreign judgment against Vik under CPLR article 53, since plaintiff has alleged facts sufficient to demonstrate that Vik is the alter ego of SHI (*see Harvardsky Prumyslovy Holding, AS.-V Likvidaci v Kozeny*, 117 AD3d 77, 83 [1st Dept 2014]).

The court also correctly declined to dismiss the ninth cause of action and to cancel the notice of pendency. Concur—Tom, J.P., Andrias, Manzanet-Daniels and Gesmer, JJ. ■