■  Deutsche Bank, AG, Respondent, v Alexander Vik et al., Appellants. [40 NYS3d 23]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered February 4, 2015, which denied defendants' motion to dismiss the complaint and to cancel a notice of pendency, unanimously affirmed, with costs.

The court correctly found that it had personal jurisdiction over defendant Sebastian Holdings, Inc. (SHI) pursuant to CPLR 303 and over defendants Alexander Vik, C.M. Beatrice, Inc. (Beatrice) and CSCSNE Trust based on the well pleaded allegations that SHI and Vik are alter egos and that Vik, Beatrice and CSCSNE trust are alter egos. It also made sufficient findings that Beatrice had scant contacts with the Turks and Caicos Islands other than being incorporated there and that some of its allegedly wrongful acts occurred in New York. Accordingly, it correctly found that New York law applies to the alter ego causes of action (see Serio v Ardra Ins. Co., 304 AD2d 362 [1st Dept 2003], lv denied 100 NY2d 516 [2003]; see also UBS Sec. LLC v Highland Capital Mgt., L.P., 93 AD3d 489 [1st Dept 2012]).

The fraudulent conveyance causes of action alleging that plaintiff's injury was suffered in New York are adequately stated under the applicable New York law and timely filed (see Loreley Fin. [Jersey] No. 28, Ltd. v Merrill Lynch, Pierce, Fenner & Smith Inc., 117 AD3d 463, 465 [1st Dept 2014]). At the very least, issues of fact exist as to the situs of plaintiff's injury. The unjust enrichment claim was also timely asserted under the applicable six-year statute of limitations (Maya NY, LLC v Hagler, 106 AD3d 583, 585 [1st Dept 2013]; Knobel v Shaw, 90 AD3d 493 [1st Dept 2011]). We reject defendants' argument that we should apply a three-year statute of limitations, because they rely on cases from the Second Department, which reflect the clear split on the issue between our Departments (Grynberg v Eni S.p.A., 2007 WL 2584727, *3, 2007 US Dist LEXIS 65787, *9 [SD NY, Sept. 5, 2007, No. 06 Civ. 6495 (RLC)], citing, inter alia, Lambert v Sklar, 30 AD3d 564 [2d Dept 2006]). Defendants' citation to federal cases is also unpersuasive, because those cases refer to the results reached by the Second Department cases as "New York" law and disregard the split between our Departments.

There is no basis for dismissing the third cause of action, seeking to enforce a foreign judgment against Vik under CPLR article 53, since plaintiff has alleged facts sufficient to

demonstrate that Vik is the alter ego of SHI (*see Harvardsky Prumyslovy Holding, AS.-V Likvidaci v Kozeny*, 117 AD3d 77, 83 [1st Dept 2014]).

The court also correctly declined to dismiss the ninth cause of action and to cancel the notice of pendency. Concur—Tom, J.P., Andrias, Manzanet-Daniels and Gesmer, JJ.

---

The decision and order of this court entered herein on April 12, 2016 (138 AD3d 506 [2016]) is hereby recalled and vacated (*see* 2016 NY Slip Op 85529[U] [2016] [decided simultaneously herewith]). **[Prior Case History: 2015 NY Slip Op 30163(U).]**