Harvardsky Prumyslovy Holding, A.S. - V Likvidaci v Kozeny (2018 NY Slip Op 07939)





Harvardsky Prumyslovy Holding, A.S. - V Likvidaci v Kozeny


2018 NY Slip Op 07939


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Renwick, J.P., Richter, Tom, Kern, Oing, JJ.


7649 651826/12

[*1]Harvardsky Prumyslovy Holding, A.S. - Likvidaci, Plaintiff-Respondent,
v
Viktor Kozeny, Defendant-Appellant, Landlocked Shipping Co., Defendant.


Carey & Associates LLC, New York (Michael Q. Carey of counsel), for appellant.
Saito Sorenson LLP, New York (Sigurd A. Sorenson of counsel), for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about February 3, 2017, which denied the motion of defendant Viktor Kozeny to dismiss the amended complaint pursuant to CPLR 3211(a)(1), (7), and (8), unanimously affirmed, with costs.
Assuming, arguendo, that Kozeny has raised a nonfrivolous ground for denying recognition of the Czech judgment that plaintiff seeks to enforce, "there must be either an in personam or an in rem jurisdictional basis for maintaining the recognition and enforcement proceeding . . . in New York" (AlbaniaBEG Ambient Sh.p.k. v Enel S.p.A., 160 AD3d 93, 94 [1st Dept 2018]). However, Kozeny waived the defense of lack of personal jurisdiction because he is the alter ego of defendant Landlocked Shipping Co. (see Harvardsky Prumyslovy Holding, AS. — V Likvidaci v Kozeny, 117 AD3d 77, 83 [1st Dept 2014]), and Landlocked previously moved to dismiss pursuant to CPLR 3211(a)(1) and (7), not subdivision (8) (see CPLR 3211[e]; see also New Media Holding Co. L.L.C. v Kagalovsky, 118 AD3d 68, 77 [1st Dept 2014]).
Even if Kozeny did not waive the defense of lack of personal jurisdiction, New York has in rem jurisdiction. Plaintiff alleges that Landlocked has approximately $22 million at a bank in New York, and Kozeny did not submit documentary evidence utterly refuting this allegation. Furthermore, plaintiff seeks to enforce its Czech judgment against this $22 million (see e.g. AlbaniaBEG, 160 AD3d at 104 n 11 & 112; see also Deutsche Bank, AG v Vik, 142 AD3d 829, 829-830 [1st Dept 2016]).
The court properly denied the branch of Kozeny's motion that was based on CPLR 3211(a)(7). Kozeny contends that the Czech judgment "was rendered under a system which does not provide . . . procedures compatible with . . . due process" (CPLR 5304[a][1]) because the Czech court never had custody of him and he was tried in absentia. However, because the statute refers to
a system which does not provide procedures compatible with due process, "it cannot be relied upon to challenge the legal processes employed in a particular litigation on due process grounds" (CIBC Mellon Trust Co. v Mora Hotel Corp., 296 AD2d 81, 89 [1st Dept 2002], affd 100 NY2d 215 [2003], cert denied 540 US 948 [2003]; see also Downs v Yuen, 298 AD2d 177, 178 [1st Dept 2002]). The Czech legal system provides procedures compatible with due process (see Leser v Berridge, 668 F3d 1202, 1208 n 2 [10th Cir 2011]).
Having had notice and an opportunity to be heard, Kozeny was "afforded due process, even if the [foreign] procedures were not as generous as those of New York" (Standard Chartered Bank v Ahmad Hamad Al Gosaibi & Bros. Co., 110 AD3d 578, 578 [1st Dept 2013]). Plaintiff was not required to allege that the Czech court took Kozeny into its physical custody. It is sufficient if a plaintiff alleges that the foreign "judgment was conclusive'" (id. at 579), which plaintiff did.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK