*Citibank, N.A. v. Aralpa Holdings Limited Partnership*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-five.

PRESENT:
>JOSÉ A. CABRANES,
>REENA RAGGI,
>MARIA ARAÚJO KAHN,
>>*Circuit Judges.*

————————————————————————

CITIBANK, N.A,

>*Plaintiff-Appellee,*

ONE57 36B, LLC, ARALPA MIAMI INVESTMENTS, LLC,

>*Appellants,*

>v.

24-423-cv

ARALPA HOLDINGS LIMITED PARTNERSHIP, RODRIGO LEBOIS MATEOS,

*Defendants-Appellants.*

FOR APPELLANTS: DANIEL J. SAVAL (Lara Levinson, *on the brief*), Kobre & Kim LLP, New York, NY.

FOR APPELLEE: ADAM M. KAUFF (Jonathan Perrelle, *on the brief*), Kauff Laton Miller LLP, New York, NY.

Appeal from a February 2, 2024 writ and order of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the writ and order are **AFFIRMED**.

Defendants-Appellants Aralpa Holdings Limited Partnership ("AHLP") and Rodrigo Lebois Mateos ("Lebois") appeal from a writ of execution and turnover order entered in favor of Plaintiff-Appellee Citibank, N.A. ("Citibank") following AHLP's default on a $35 million dollar credit facility it obtained from Citibank (the "Note"), for which Lebois provided a personal guaranty (the "Guaranty"). In granting the writ of execution, the district court permitted Citibank to reverse-pierce the veil of two entities that Lebois controlled, Appellants One57 36B, LLC ("One57"), which held real property located in New York (the "New York Property"), and Aralpa Miami Investments, LLC ("Aralpa Miami"), which possessed the proceeds from the sale of a property located on Fisher Island, Florida (the "Miami Property").

2

On appeal, Appellants argue that the district court erred by: (1) applying New York law rather than Georgia law to Citibank's reverse-veil-piercing claim; (2) finding that Citibank met its burden to reverse-pierce the corporate veil as to One57 and Aralpa Miami; and (3) failing to require Citibank to reverse-pierce the veil of every entity within AHLP's corporate structure. We are not persuaded. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

This Court reviews *de novo* the district court's choice-of-law determination, *see Curley v. AMR Corp.*, 153 F.3d 5, 11 (2d Cir. 1998), as well as its reverse-veil-piercing analysis, *see Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1051 (2d Cir. 1997). Insofar as the parties dispute whether the district court's grant of a writ of execution and turnover order is properly reviewed for abuse of discretion or *de novo*, *compare Levinson v. Kuwait Fin. House (Malaysia) Berhad*, 44 F.4th 91, 95 (2d Cir. 2022) (reviewing "grant of a writ of execution for abuse of discretion"), *with HBE Leasing Corp. v. Frank*, 48 F.3d 623, 633 (2d Cir. 1995) (reviewing *de novo* grant of summary relief in C.P.L.R. § 5225(b) proceeding),

3

we need not determine which standard of review applies here because Plaintiff prevails under either standard.

## I. New York Law Applies

New York choice of law rules apply to this diversity case filed in the Southern District of New York. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 157 (2d Cir. 2012) (per curiam). One57 is incorporated in New York and there is no dispute that New York law governs efforts to reverse-pierce its corporate veil. The parties dispute whether New York or Georgia substantive law should apply to reverse-veil-piercing for Aralpa Miami because New York recognizes reverse-veil-piercing while Georgia does not. *Compare Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997) (noting that New York law recognizes reverse-veil-piercing), *with Acree v. McMahan*, 585 S.E.2d 873, 881 (Ga. 2003) (concluding that Georgia law does not allow reverse-veil-piercing).

New York choice of law principles provide that "generally, 'the law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders.'" *Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 F. App'x 13, 15 (2d Cir. 2014) (summary order) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)); *Sweeney, Cohn, Stahl & Vaccaro v. Kane*, 773 N.Y.S.2d 420, 423 (2d Dep't 2004) ("Ordinarily, the state of incorporation has the greatest interest in determining the extent of insulation that will be afforded to shareholders of corporations incorporated

4

under its laws"). This presumption may be rebutted, however, "by showing that the transaction at issue has a more significant relationship with another jurisdiction." *In re Bernard L. Madoff Inv. Sec. LLC*, 583 B.R. 829, 845 (Bankr. S.D.N.Y. 2018); *see, e.g.¸ Cortland St. Recovery Corp. v. Bonderman*, 187 N.Y.S.3d 602, 605 (1st Dep't 2023) (holding that "[e]ven though the judgment debtors were incorporated in Luxembourg, creating a presumption that Luxembourg law governs, the circumstances here militate in favor of applying New York law."); *Serio v. Ardra Ins. Co.*, 761 N.Y.S.2d 1 (2d Dep't 2003) (finding that "[a]lthough incorporated in Bermuda, [the company's] contacts with that jurisdiction were minimal. It was not authorized to sell insurance in Bermuda or to do business with Bermuda residents. It was controlled . . . from New York and all the transactions complained of occurred in New York."); *UBS Sec. LLC v. Highland Cap. Mgmt., L.P.*, 924 N.Y.S.2d 312 (N.Y. Sup. Ct. 2011) (applying New York law because the state of incorporation, the Cayman Islands, had no relation to the veil piercing claim), *aff'd in relevant part*, 940 N.Y.S.2d 74 (1st Dep't 2012).

Here, although Aralpa Miami was incorporated in Georgia, the corporation otherwise has no meaningful connection there. In urging otherwise, Appellants note that Aralpa Miami maintains a registered office and agent in Georgia. These contacts, by themselves, do not demonstrate a meaningful connection to the state because Georgia law requires a limited liability corporation to maintain a registered office and agent within the state. *See* Ga. Code Ann. § 14-11-209(a) (2016). Indeed, Aralpa Miami's sole

business was operating the Miami Property, which it sold on February 21, 2023. Meanwhile, New York clearly has the more significant relationship to this dispute. Both the Note and the Guaranty were entered into with Citibank, which has its principal place of business in New York. The contracts both contained New York choice-of-law and venue clauses, and they appointed a New York-based agent to receive service of process. And the judgment which Citibank seeks to execute upon was entered in New York. Accordingly, New York law—which allows reverse-veil-piercing—applies to this dispute.

## II. Citibank May Reverse-Pierce the Corporate Veil

To pierce the corporate veil, a party must show that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Cortlandt St. Recovery Corp. v. Bonderman*, 96 N.E.3d 191, 203 (N.Y. 2018) (internal quotation marks omitted). To demonstrate corporate domination, a court may consider the following factors:

> (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, *i.e.*, issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arm[']s length, (8) whether the corporations are treated as independent profit centers, (9) the payment or

6

guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

*Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*, 933 F.2d 131, 139 (2d Cir. 1991).

Every *Passalacqua* factor need not be present and no one factor is decisive. *See N. Y. State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 225 (2d Cir. 2014).

Multiple factors demonstrate that Lebois dominated One57 and Aralpa Miami. Lebois listed both the New York and Miami Properties as his own assets on his personal financial statements to obtain favorable terms and amendments for the Note and the Guaranty. Both One57 and Aralpa Miami were inadequately capitalized. They carried minimal balances in their bank accounts and relied upon Lebois to fund their operating expenses through periodic transfers from his personal account. Relatedly, Lebois also paid and guaranteed One57 and Aralpa Miami's debts. Finally, both One57 and Aralpa Miami used Lebois's personal address as their own. In the aggregate, these uncontested facts indicate that Citibank has met its burden of showing that Lebois dominated both One57 and Aralpa Miami.

Moreover, evidence shows that Lebois used his domination of One57 and Aralpa Miami to commit the "fraud or wrong" against Citibank. *Cortlandt*, 96 N.E.3d at 203. Specifically, Lebois listed the New York and Miami Properties as his assets on personal financial statements to induce Citibank to provide the Note and subsequent amendments to it, only to disclaim any control of One57 and Aralpa Miami, and their assets, when

7

Citibank attempted to collect on its judgment. As the district court noted, and we agree, "[t]his sort of judgment-proofing is a well-recognized 'fraud or wrong' that authorizes piercing the veil." Special App'x at 37; *see, e.g.*, *Godwin Realty Assocs. v. CATV Enterprises, Inc.*, 712 N.Y.S.2d 39 (1st Dep't 2000) (noting that "stripping of corporate assets by shareholders to render the corporation judgment proof constitutes a fraud or wrong justifying piercing the corporate veil.")

Further, because the district court found that Citibank sought to reverse-pierce the corporate veils of One57 and Aralpa Miami based on Lebois's equitable ownership, it did not err by declining to require Citibank to also pierce the veil of Aralpa Capital. *See Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1051 (2d Cir. 1997) ("New York courts have recognized for veil-piercing purposes the doctrine of equitable ownership, under which an individual who exercises sufficient control over the corporation may be deemed an 'equitable owner[,'] notwithstanding the fact that the individual is not a shareholder of the corporation."); *see also Berisha v. 4042 E. Tremont Café Corp.*, 199 N.Y.S.3d 38, 40 (1st Dep't 2023) ("Even if an individual is not a record owner of a corporation, he may nonetheless be found to be an equitable owner and alter ego thereof if he dominated and controlled it") (alterations adopted) (internal quotation marks omitted).

\* \* \*

8

We have considered Appellants' remaining arguments and conclude that they are without merit. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court