■ HILL DICKINSON LLP, Respondent, v I1 SOLE LIMITED, Defendant, and MICHAEL HIRTENSTEIN, Appellant. [49 NYS3d 888]—

Appeal from order, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 5, 2016, which, inter alia, granted plaintiff an extension of time nunc pro tunc to re-serve defendant Michael Hirtenstein with the summons and motion for summary judgment in lieu of complaint, unanimously dismissed, without costs. Appeal from order and judgment (one paper), same court and Justice, entered August 29, 2016, which granted plaintiff's motion for summary judgment in lieu of complaint to recognize and domesticate a British money judgment against Hirtenstein, and awarded plaintiff a total of $584,929.13, unanimously dismissed, without costs.

The right of direct appeal from the April 2016 order terminated upon entry of a final judgment, and the order may only be reviewed upon appeal from the final judgment (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). As the notice of appeal from the order and judgment was served more than 30 days after service of the order and judgment, with notice of entry, it was untimely (CPLR 5513 [a]). This is a jurisdictional defect that cannot be waived (see *id.*; *Matter of Haverstraw Park v Runcible Props. Corp.*, 33 NY2d 637 [1973]).

Even if the orders were deemed reviewable, Hirtenstein's appeal of the jurisdictional issue would still be waived, as he is bound by the limitations placed on his notices of appeal (see *D'Mel & Assoc. v Athco, Inc.*, 105 AD3d 451, 453 [1st Dept 2013]). Hirtenstein's challenge to jurisdiction also lacks merit. An extension of time to re-serve was warranted as Hill Dickinson showed diligence by effectuating service at an address later challenged, and duly served Hirtenstein at his place of residence upon the ordering of a traverse hearing and being granted an extension, with no resulting prejudice (see CPLR 306-b; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). Substitute service on the doorman was proper (see CPLR 308 [2]; *F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 797 [1977]).

Were we to review Hirtenstein's challenge to the recognition of the British judgment, we would find it unavailing. It is

undisputed that the foreign money judgment is "final, conclusive and enforceable" (CPLR 5302) and the grounds for non-recognition are inapplicable (*see* CPLR 5304). The English court's award of costs to compensate Hill Dickinson for having to defend an action by defendants does not constitute a penalty (*see e.g. Harvardsky Prumyslovy Holding, AS.-V Likvidaci v Kozeny*, 117 AD3d 77, 81 [1st Dept 2014]). Concur—Sweeny, J.P., Andrias, Moskowitz, Kahn and Gesmer, JJ.