20-285-cv
*Banca di Credito v. Small*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

      **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-one.**

PRESENT:
>	GERARD E. LYNCH,
>	JOSEPH F. BIANCO,
>		*Circuit Judges*,
>	PHILIP M. HALPERN,
>		*Judge.\**

-------------------------------------------------------------------

BANCA DI CREDITO COOPERATIVO DI
CIVITANOVA MARCHE E MONTECOSARO
SOC. COOPERATIVA,

        *Plaintiff-Appellant*,

      v.                                      20-285-cv

CHARLES H. SMALL, ESQ., in his representative
capacity as Executor of the Estate of Fred Mengoni
aka Ferruccio Mengoni,

        *Defendant-Appellee.\*\**

-------------------------------------------------------------------

---

\* Judge Philip M. Halpern of the United States District Court for the Southern District of New York, sitting by designation.

\*\* The Clerk of Court is respectfully direct to amend the official case caption as set forth above.

FOR PLAINTIFF-APPELLANT:                    ANDREW M. MOSKOWITZ, ESQ., Javerbaum Wurgaft
                                                          Hicks Kahn Wikstrom & Sinins, P.C., Springfield,
                                                          New Jersey (Giacomo James Corrado, Esq., New
                                                          York, New York, *on the brief*).

FOR DEFENDANT-APPELLEE:                   MICHELE L. PAHMER, (James L. Bernard, *on the
                                                          brief*), Stroock & Stroock & Lavan LLP, New York,
                                                          New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Banca Di Credito Cooperativo di Civitanova Marche e Montecosaro Soc. Cooperativa ("Banca"), an Italian bank and creditor to the bankruptcy of the Estate of Fred Mengoni aka Ferruccio Mengoni, appeals from a judgment of the district court (Oetken, *J.*), holding that Banca was not entitled to recognition and enforcement of two orders issued by Italian courts and granting Administrator of Mengoni's estate Charles H. Small's motion to dismiss Banca's breach of contract and unjust enrichment claims for *forum non conveniens*.[1]  On appeal, Banca argues that the district court erred in failing to recognize and enforce the two Italian court orders, one dated May 21, 2013 by the Italian bankruptcy court and the other by the civil tribunal dated June 6, 2016, both recognizing Banca's claims in the Italian bankruptcy court proceeding (collectively, the "Italian Bankruptcy Orders").  Banca also contends that the district court erred in holding that

---

[1] The district court also dismissed Banca's claim for declaratory relief with respect to the two Italian court orders.

2

Banca's breach of contract claims and alternative claim for unjust enrichment were barred by the forum selection clauses in the applicable loan and line of credit agreements. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) *de novo*, "accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." *Scutti Enters., LLC v. Park Place Ent. Corp.*, 322 F.3d 211, 214 (2d Cir. 2003). We also review *de novo* "a district court's rulings on questions of foreign law." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 809 F.3d 737, 742 (2d Cir. 2016). With respect to dismissal based upon forum selection clauses, the Supreme Court has made clear that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). This Court has yet to decide whether, in light of *Atlantic Marine*, dismissal for *forum non conveniens* based on a forum-selection clause is reviewed *de novo* or for abuse of discretion. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). However, we need not address that issue here because we conclude that the district court's dismissal on this ground was correct even under *de novo* review.

## I. Recognition of the Italian Bankruptcy Orders

Banca argues that the district court erred in failing to recognize the Italian Bankruptcy Orders. As discussed below, the district court correctly determined that the Italian Bankruptcy Orders did not satisfy the requirements for recognition of a foreign judgment under New York law because the judgments at issue are not enforceable where rendered in Italy outside of the

3

bankruptcy proceeding itself.

New York law "governs actions brought in New York to enforce foreign judgments." *In re Union Carbide Corp. Gas Plant Disaster*, 809 F.2d 195, 204 (2d Cir. 1987). Article 53 of New York's Civil Practice Law and Rules ("CPLR") codified existing New York case law as to the recognition of foreign money judgments. Section 5302 limits judicial recognition to foreign country judgments which are "final, conclusive and enforceable where rendered." CPLR § 5302. Foreign money judgments that meet the requirements of Section 5302 are "to be recognized in New York . . . unless a ground for nonrecognition under CPLR 5304 is applicable." *John Galliano, S.A. v. Stallion, Inc.*, 15 N.Y.3d 75, 80 (2010). The party seeking recognition of a foreign money judgment must ask for no "new relief against the judgment debtor, but instead merely ask[] the court to perform its ministerial function of recognizing the foreign country judgment and converting it into a New York judgment." *CIBC Mellon Tr. Co. v. Mora Hotel Corp.*, 100 N.Y.2d 215, 222 (2003) (quoting *Lenchyshyn v. Pelko Elec.*, 723 N.Y.S.2d 285, 291 (4th Dep't 2001)). The parties do not dispute that the Italian Bankruptcy Orders are final and conclusive, but Banca contends that the district court erred as a matter of Italian law when it determined that those orders were not enforceable in Italy without further action, and further erred as a matter of New York law when it required that they be enforceable outside of the context of bankruptcy.

The parties agree that, in order to determine under New York law whether the foreign decree is enforceable "where rendered," we look to the law of the foreign country where the decree was issued. [2] Here, the Italian Bankruptcy Orders clearly determine the amount "each creditor is

---

[2] With respect to Italian law, "[w]e may consider any relevant source, including the affidavits submitted by the parties." *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 28 n.2 (2d Cir. 1998) (internal quotation

4

entitled to receive from the debtor's bankruptcy estate within the bankruptcy procedure." Joint App'x at 599. However, Italian law, as enunciated by the Italian Supreme Court in Decision No. 892 of 2015, and as cited by both parties' experts, draws a distinction between a court's decree rendering a statement of liabilities enforceable in a bankruptcy proceeding and the enforceability of that same decree outside of the bankruptcy framework. More specifically, Section 96 of the Italian Bankruptcy Act expressly declares, and the Italian Supreme Court has also enunciated that such decrees produce no effect outside of the bankruptcy proceeding without further judicial action.

Given the absence of such a ruling by an Italian commercial court in this case, Banca proposes that "enforceable where rendered" under New York law means the Italian Bankruptcy Orders need only be enforceable in the bankruptcy context by the court that ordered them, and not, as the district court held, generally enforceable throughout Italy. Such a reading of that phrase is inconsistent with our interpretation of New York law in the analogous context of enforcement of foreign arbitration awards. *See, e.g.*, *Seetransport Wiking Trader Schiffahrtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 29 F.3d 79, 82 (2d Cir. 1994) ("[W]hile we do not believe that New York would recognize the arbitral award-without-*exequatur* as a judgment in and of itself, we think that it would recognize as a judgment the decree that confers *exequatur* on the arbitral award."). In other words, New York law does not require one of its courts

marks omitted); *see also* Fed. R. Civ. P. 44.1 ("[T]he court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."). In doing so, we are not required to take all allegations of Italian law proffered by Banca to be true because questions of foreign law are questions of law, not fact. *See Euromepa, S.A.*, 154 F.3d at 28 n.2.

5

to enforce a foreign decree where that decree itself cannot even be enforced in that foreign nation beyond the walls of the issuing court. As Small points out, to permit Banca's narrow reading of "enforceable where rendered" to apply to decrees only enforceable within the walls of the bankruptcy courts alone in Italy, "would have the incongruous effect of giving a foreign determination greater force here than it would have in its own country." Appellee's Br. at 15; *see generally* 11 Jack B. Weinstein et al., New York Civil Practice: CPLR ¶ 5302.01 (2019) ("Generally, with respect to enforceability, a judgment is not entitled to any greater rights within the forum state than it would enjoy in its home jurisdiction.").

Banca's attempt to rely upon *Seetransport* to support this strained interpretation of New York law is entirely misplaced. In *Seetransport*, we held that the arbitral award could be enforced because the Paris Court of Appeals had conferred *exequatur* – a device by which French courts "make a decision of an outside tribunal enforceable in France" – on the award, which was the "functional equivalent of a French judgment awarding the sums specified in the award." *Seetransport*, 29 F.3d at 81. Here, in contrast, Banca has not brought the requisite proceeding before an Italian commercial court that would thereby create an enforceable judicial decision with the same status as a judicial judgment like the one in *Seetransport*. Italian law requires the conversion of the Italian Bankruptcy Orders into enforceable judgments, and an additional judicial determination is still necessary under Italian law for such a conversion to occur in this case.[3]

---

[3] Although Banca also relies upon *V. Corp. Ltd. v. Redi Corp.*, No. 04 Civ. 1683(MBM), 2004 WL 2290491 (S.D.N.Y. Oct. 9, 2004), that case is similarly distinguishable. In particular, in *V. Corp.*, after obtaining the arbitral award, "plaintiff obtained an order of the English High Court of Justice permitting it to enforce the arbitral award 'in the same manner as a Judgment or order' and authorizing it 'to enter judgment in terms of the said award.'" *V. Corp.*, 2004 WL 2290491, at *3. However, plaintiff had not also sought the requisite formal judgment from the High Court under English law. *Id.* The district court in *V. Corp.* endorsed a "functional, as opposed to formalistic, approach," *id.* at *10–11 (citing, *inter alia*, *Island Territory of*

Banca's reliance on New York cases interpreting CPLR § 5302 is similarly unavailing. In both of the cases cited by Banca, the New York court addressed a foreign judgment that was already enforceable in that foreign jurisdiction. *See Hill Dickinson LLP v. Il Sole Ltd.*, 49 N.Y.S.3d 888, 889 (1st Dep't 2017) (observing in dicta that the British money judgment was final, conclusive, and enforceable, but affirming dismissal for lack of proper service); *Sea Trade Mar. Corp. v. Coutsodontis*, 21 N.Y.S.3d 887 (1st Dep't 2016) (finding the order enforceable where the Spanish clerk had certified that it had "the necessary definitiveness and enforceability" (internal quotation marks omitted)). We also note that Banca's argument that we have recognized an order of a foreign court designating a bankruptcy trustee, under the doctrine of comity, has no bearing on the recognition of a foreign money judgment under Section 5302. *See Clarkson Co. v. Shaheen*, 544 F.2d 624 (2d Cir. 1976). Finally, Banca cannot invoke Article 53's savings clause, CPLR § 5307, to bypass the clear requirements under Section 5302 for money judgments and to recognize these Italian Bankruptcy Orders that would not be enforced as judgments in Italy. Such a reading of the savings clause has no support under New York law.

Accordingly, we conclude that the district court did not err in refusing to recognize, and afford full faith and credit to, the Italian Bankruptcy Orders under New York law.

## II. Breach of Contract Claims

Banca also challenges the district court's dismissal of its breach of contract claims. The

---

*Curacao v. Solitron Devices, Inc.*, 489 F.2d 1313, 1317, 1323 (2d Cir. 1973)), and did not refuse to recognize the arbitral award due to plaintiff's failure to obtain the High Court's formal judgment that would merely echo that same High Court's prior order permitting enforcement and authorizing judgment. Thus, even in *V Corp.*, there was a foreign order that was the "functional equivalent" of an enforceable judgment. Here, as noted above, no Italian court has issued any order that would render the Italian Bankruptcy Orders enforceable outside of the Italian bankruptcy court, and thereby make them the "functional equivalent" of a judgment.

7

district court granted Small's motion to dismiss because the contracts at issue – the Loan Agreement, the Credit Line Agreement, and the Personal Guarantee between Mengoni and Banca (the "Agreements") – each contain a forum selection clause specifying that all disputes shall be subject to the jurisdiction of Italy, or the locale with jurisdiction over Banca (which is also Italy). As set forth below, we agree with the thorough and well-reasoned analysis of the district court.

To determine whether the district court properly dismissed a claim based on a forum selection clause, we employ a four-part test: (1) "whether the clause was reasonably communicated to the party resisting enforcement"; (2) whether the clause is "mandatory or permissive, i.e., . . . whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so"; (3) "whether the claims and parties involved in the suit are subject to the forum selection clause"; and (4) whether the resisting party made "a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383–84 (2d Cir. 2007) (internal quotation marks omitted). "If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable." *Martinez*, 740 F.3d at 217 (quoting *Phillips*, 494 F.3d at 383). On appeal, Banca only disputes the district court's findings as to the second and fourth prongs under *Phillips*. We apply Italian law to the second prong, and federal law to the fourth prong. *Id.* at 217–18.

With respect to the second *Phillips* prong, "[a] forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language," *Phillips*, 494 F.3d at 386; in contrast, "[a] so-called permissive forum clause only confers jurisdiction in the designated forum, but does not deny plaintiff his choice of

8

forum, if jurisdiction there is otherwise appropriate," *id.* The forum selection clauses in the Agreements, by utilizing the terminology of exclusivity in addressing jurisdiction (*e.g.*, "shall," "sole," and "solely), are clearly mandatory. *See* Joint App'x at 173 ("[A]ny disputes derived from this act *shall* be subject to the *sole* jurisdiction of the place where the Bank's offices are located." (emphasis added)); *id.* at 218 ("Any disputes that might arise *shall* be subject to the Judicial authority with geographical jurisdiction over the Bank's registered office, unless otherwise required by law." (emphasis added)); *id.* at 234 ("The Court that is *solely* competent to settle any dispute arising from or in connection with this contract is the one with jurisdiction over the Bank's headquarters." (emphasis added)).

Banca argues that the district court erred in concluding that the forum selection clause is mandatory under Italian law. We disagree. According to Banca's expert, pursuant to Article 26 of the Italian Code of Civil Procedure, "a creditor may commence execution predicated on a Titolo Esecutivo . . . [in] the court where the assets (personal or real) are located [which] has exclusive jurisdiction, and such a forum may not be changed arbitrarily by the parties to the contract." Joint App'x at 611. That provision indicates that the *execution* of a judgment regarding New York assets must occur in New York, not that the litigation of the merits as to the breach of contract claims must occur in New York. Thus, Italian law presents no barrier to concluding, based upon the plain terms of the Agreements, that the forum selection clause is mandatory, and the breach of contract claims are subject to them.

With respect to the fourth prong of the *Phillips* framework, Banca contends that the district court erred in finding that it would not be unreasonable to enforce the forum selection clause. In particular, Banca asserts that it would be categorically denied its right to any recovery if it cannot

9

bring suit in New York. Banca carries the high burden to show that enforcing the clause "would be unreasonable and unjust." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *accord Martinez*, 740 F.3d at 219; *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993). "[F]orum selection and choice of law clauses are unreasonable" if, *inter alia* "the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy." *Roby*, 996 F.2d at 1363 (internal quotation marks omitted). It is not enough, however, to show that a potential award might be smaller. S*ee Piper Aircraft Co. v. Reyo*, 454 U.S. 235, 254–55 (1981); *see also Roby*, 996 F.2d at 1363 ("[I]t is not enough that the foreign law or procedure merely be different or less favorable than that of the United States.").

Construing the facts most favorably to Banca, Banca cannot make the requisite showing. There is no evidence that some feature of the Italian bankruptcy court will effectively, and unfairly, deprive Banca of a remedy. In fact, Banca's own evidence shows that the bankruptcy estate, initially valued at over €20,000,000, contains substantial real estate assets yet to be sold, and that it enjoys status as a certified unsecured creditor. Moreover, as pointed out by Banca's own expert, Italian law provides for the right to commence a separate action if it is unsatisfied with the result of the bankruptcy proceeding. Banca argues that there is a disputed issue of fact as to whether it will be able to obtain any recovery at all, because (1) the Bankruptcy Trustee has stated that it could not predict the timeline for the liquidation of the estate or the amount of expected proceeds, and (2) the Italian proceeding has already been pending for twelve years. We disagree. These arguments at most suggest that Banca's recovery may be delayed or reduced, and it is well settled that Banca cannot overcome the presumption in favor of enforcing a mandatory forum selection clause based on the possibility of a delayed or reduced recovery. *See Roby*, 996 F.2d at 1365

10

("[T]he available remedies are adequate and the *potential* recoveries substantial." (emphasis added)); *see also Alcoa Steamship Co., Inc. v. M/V Nordic Regent*, 654 F.2d 147, 159 (2d Cir.1980) (*en banc*) ("It is abundantly clear . . . that the prospect of a lesser recovery does not justify refusing to dismiss on the ground of forum non conveniens."). To the extent that Banca further suggests that any additional recovery outside the bankruptcy proceeding is illusory because that proceeding will never end, Banca provides no support under Italian law, through its expert or otherwise, for that conclusory and speculative assertion.[4]

In sum, the district properly dismissed the breach of contract claims on *forum non conveniens* grounds based upon the mandatory forum selection clauses in the Agreements that cover those claims and require such disputes to be brought in Italy.

## III. Unjust Enrichment Claim

The district court also properly determined that Banca's unjust enrichment claim should be dismissed on *forum non conveniens* grounds because that claim, as alleged by Banca, arises from an enforceable contract and is thus bound by the forum selection clause.

Under this Court's law, forum selection clauses apply to unjust enrichment claims where the claims "relate[] to the rights and duties set out in the [agreements]" and "cannot be properly

---

[4] Banca also argues for the first time on appeal that the district court improperly made this adverse finding without the benefit of an evidentiary hearing or discovery. *See New Moon Shipping Co. v. MAN B&W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997). However, that right is waived when, as here, a party fails to seek such a hearing below. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004) (observing that plaintiff waived his right to an evidentiary hearing by failing to request it until after the court ruled against him). In any event, we note that a hearing would not have changed the outcome here because, as noted above, Banca cannot show that the enforcement of the forum selection clauses would be unreasonable or unjust even when the record is viewed most favorably to Banca. *See New Moon*, 121 F.3d at 29 (holding that, prior to any evidentiary hearing, "a party seeking to avoid enforcement of such a contractual clause is also entitled to have the facts viewed in the light most favorable to it").

11

adjudicated without determining whether the parties were in compliance with the [agreements]." *Magi XXI, Inc. v. State della Citta del Vaticano*, 714 F.3d 714, 725 (2d Cir. 2013). In its Second Amended Complaint, Banca's allegations regarding its unjust enrichment claim – in addition to citing directly to the Agreements – are directly related to the loans made by Banca under those Agreements.[5] In short, the crux of Banca's unjust enrichment claim is that Mengoni's estate would be unjustly enriched if permitted to retain the monies loaned under the Agreements. As such, the cause of action "undoubtedly arises directly or indirectly from the agreement[s]," and the forum selection clause applies to that claim. *Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 720, 722 (2d Cir. 1982) (holding that the forum selection clause was enforceable) (internal quotation marks omitted). Accordingly, the unjust enrichment claim was properly dismissed.

\*　　　　　\*　　　　　\*

We have considered Banca's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court



---

[5] The Second Amended Complaint provides, in pertinent part, as follows: "The Partnership and Deceased received from Plaintiff loans in the amount of €3,500,000.00 and €200,000.00 respectively. See Loan Agreement; Credit Line Agreement (Exhibits 2-B, 2-C). The Partnership and Deceased failed to repay to Plaintiff the amounts they borrowed. . . . The Deceased's estate and its beneficiaries and distributes, including Defendant, were unjustly enriched at Plaintiff's expense in the amount the Partnership and Deceased borrowed from but failed to repay to Plaintiff, which is the Claim that Defendant has refused to honor." Joint App'x at 75–76.