■ JAMES W. HOLME, Respondent, v GLOBAL MINERALS AND METALS CORP. et al., Appellants, et al., Defendants. [879 NYS2d 453]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 14, 2009, which, insofar as appealed from, denied defendants-appellants' motion to dismiss the fourth and fifth causes alleging de facto merger and alter-ego liability, unanimously affirmed, with costs.

Plaintiff, who has been unable to collect a 2006 judgment he obtained against defendant Global Minerals and Metals Corp. (Global), alleges that Global's individual shareholders named herein as defendants caused Global to cease doing business in or about 2000, stripping it of assets and leaving it a moribund shell in order to avoid payment of the contractual obligation underlying plaintiff's judgment, but continued to operate Global's business through the other corporate entities named

herein as defendants, which they also dominated, the last of which was defendant GMMC, LLC (New GMMC) set up in 2003. These allegations of continuity, domination and fraudulent transfers, which are particularized with considerable detail in the complaint, are sufficient to state causes of action seeking to hold Global's individual shareholders liable for plaintiff's judgment against Global on the theory that they were Global's alter egos (*see Godwin Realty Assoc. v CATV Enters.*, 275 AD2d 269, 270 [2000]; *Solow v Domestic Stone Erectors*, 269 AD2d 199, 200 [2000]; *Chase Manhattan Bank [N.A.] v 264 Water St. Assoc.*, 174 AD2d 504, 505 [1991]), and to impose the same liability on New GMMC on the theory that it succeeded to Global's obligations pursuant to a de facto merger (*see Fitzgerald v Fahnestock & Co.*, 286 AD2d 573, 575 [2001] [legal dissolution not necessary to find de facto merger "(s)o long as the acquired corporation is shorn of its assets and has become, in essence, a shell"]). Concur—Mazzarelli, J.P., Andrias, Friedman, Renwick and Freedman, JJ. [*See* 22 Misc 3d 1123(A), 2009 NY Slip Op 50252(U).]