■ Greenman-Pedersen, Inc., et al., Appellants, v Berryman & Henigar, Inc., et al., Respondents. [14 NYS3d 20]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered August 1, 2013, after a jury verdict finding against plaintiffs on the cause of action for fraud, dismissing the cause of action for breach of contract, and dismissing the action in its entirety, and awarding defendants costs and disbursements in the amount of $1,125.70, unanimously reversed, on the law, without costs, the judgment vacated, the breach of contract claim reinstated, and the matter remanded for a new trial on the breach of contract claim.

This action arises out of an asset purchase agreement (APA) entered into in 2006, between plaintiff GPI Southeast, Inc. (GPISE), as the buyer, and defendant Berryman and Henigar (B&H), as the seller, concerning the sale of "assets" consisting primarily of customer contracts relating to engineering services. GPISE is a domestic corporation that provides engineering services in many states. GPISE is a wholly owned subsidiary of plaintiff Greenman Pederson, Inc. B&H is an engineering consulting company that markets itself directly to cities and municipalities. B&H is based in Florida and is owned by defendant Bureau Veritas North America, Inc.

In 2010, plaintiffs commenced this action against defendants alleging claims sounding in fraud and breach of contract, among others.* The breach of contract claim alleges that defendants made misrepresentations of material facts in the APA. The fraud claim avers that defendants failed to disclose certain documents concerning alleged adverse contract information during the due diligence period prior to the execution of the APA. Essentially, plaintiffs allege that defendants intentionally concealed or misrepresented the status of several projects in which defendants were performing poorly or in breach.

A jury trial of plaintiffs' fraud and contract claims was held over six days between April 23 and May 1, 2013. The trial court, however, dismissed the contract claim, and submitted only the fraud claim for the jurors' consideration. As to the latter, the jury found in favor of defendants, upon answering "no" to the following interrogatory in the verdict sheet: "In the course of due diligence, did employees of defendant intentionally fail to provide information, i.e., the letters and e-mails designated as plaintiffs' exhibits 10, 12, 16, 18, 19, 23 and 26 [the adverse contract information], and was such information material?" Plaintiffs appeal both the jury verdict dismissing

---

* The claims sounding in negligent misrepresentation and quantum meruit have been dismissed and are not the subject of this appeal.

the fraud claim and Supreme Court's dismissal of the breach of contract claim.

We find that plaintiffs are not entitled to a new trial on their fraud claim, the only claim submitted to the jury. Plaintiff raises a plethora of contentions relating to various alleged errors in the court's jury charge. For the most part, the alleged contentions as to the jury charge are not preserved, and to the extent they are preserved, all but one of plaintiffs' arguments are devoid of merit. We find that the trial court erred in refusing to charge the jury on the special facts doctrine. The error, however, does not require a new trial for the reasons explained below.

Despite defendants' current protestations, it cannot be seriously disputed that the special facts doctrine was applicable to the facts of this case. In addition to claiming breach of contract (i.e., that defendant made misrepresentations of material fact in the APA), plaintiffs alleged a claim of fraudulent concealment under the special facts doctrine. Specifically, as indicated, plaintiffs claimed that defendants had a duty to disclose certain documents concerning alleged adverse contract information. The "special facts" doctrine holds that "absent a fiduciary relationship between parties, there is nonetheless a duty to disclose when one party's superior knowledge of essential facts renders a transaction without disclosure inherently unfair" (*Pramer S.C.A. v Abaplus Intl. Corp.*, 76 AD3d 89, 99 [1st Dept 2010]; *Jana L. v West 129th St. Realty Corp.*, 22 AD3d 274, 277 [1st Dept 2005]). As a threshold matter, the doctrine requires satisfaction of a two-prong test: that the material fact was information peculiarly within the knowledge of one party and that the information was not such that could have been discovered by the other party through the exercise of ordinary intelligence (*Jana L.* at 278).

Despite the applicability of the doctrine to the fraud allegations in this case, the failure to provide a jury charge on the special facts doctrine was harmless. As indicated, if it had been given, the Pattern Jury Instructions on the special facts doctrine would have informed the jury that in order to prevail under this doctrine, plaintiff needed to prove to the jury by clear and convincing evidence the aforementioned two elements, which would have established that the adverse contract information was peculiarly within defendants' knowledge (*see* 2A NY PJI2d 3:20 at 180 [2015]). If plaintiffs had proven to the jury's satisfaction that the adverse contract information was peculiarly within defendant's knowledge, the next issue for the jury would have been to decide whether defendants had actually failed to disclose the alleged adverse contract information.

In this case, however, the trial court submitted to the jury, via an interrogatory, the question of whether defendant had failed to disclose the adverse contract information, in lieu of submitting a jury instruction on the special facts doctrine, pursuant to PJI 3:20. As a result, plaintiffs were never put to their burden of establishing by clear and convincing evidence that the adverse contract information was peculiarly within defendants' knowledge. In any event, the jury ultimately decided against plaintiffs on the issues of whether defendants had failed to disclose the adverse contract information and its materiality. Thus, under these circumstances, it cannot be said that the failure to charge on the special facts doctrine prejudiced plaintiffs in any way (*cf. Weingarten v Landesman*, 137 AD2d 520 [2d Dept 1988] [in a personal injury action, the court properly denied the plaintiffs' motion to set aside the verdict in favor of the defendant even though the court's instructions to the jury on the standard of conduct to be applied to the infant plaintiff were erroneous since the jury found the defendant free of negligence and did not reach the question of the infant plaintiff's negligence]).

Plaintiffs are, however, entitled to a new trial on the breach of contract claim. We find that the trial court erred in dismissing plaintiffs' cause of action for breach of contract. Even assuming that plaintiffs are only able to show nominal damages on their contract claim (a matter as to which we express no opinion), such damages will suffice to support an award of attorneys' fees under section 8.02 of the parties' contract (*see Ross v Sherman*, 95 AD3d 1100, 1100-1101 [2d Dept 2012]).

Finally, plaintiffs have not shown any basis for reassignment of the case to a different justice for the new trial. Concur— Mazzarelli, J.P., Renwick, DeGrasse, Richter and Clark, JJ.

