Sports Tech. Applications, Inc. v MLB Advanced Media, L.P. (2020 NY Slip Op 06973)





Sports Tech. Applications, Inc. v MLB Advanced Media, L.P.


2020 NY Slip Op 06973


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Kapnick, Gesmer, Kern, JJ. 


Index No. 652609/14 Appeal No. 12479 Case No. 2019-04685 

[*1]Sports Technology Applications, Inc., Plaintiff-Respondent,
v
MLB Advanced Media, L.P., Defendant-Appellant.


Cowan, Liebowitz & Latman, P.C., New York (J. Christopher Jensen of counsel), for appellant.
Whatley Kallas, LLP, New York (Patrick J. Sheehan of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about August 26, 2019, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the breach of contract, fraudulent inducement, and fraudulent misrepresentation claims and on its breach of contract counterclaim, unanimously affirmed, without costs.
Plaintiff raised issues of fact as to its contract claims. In support of its allegation that defendant lacked authority to grant the license, plaintiff submitted evidence that defendant had [*2]previously granted an exclusive license for a predictive gaming application to another company. In support of its claim that the data feed supplied by defendant was insufficient, plaintiff submitted evidence of defects in and problems with the feed. With regard to defendant's promotional obligations, plaintiff submitted evidence that defendant may not have sent the required number of promotional emails and may not have reached the required number of impressions. Given the factual issues that exist as to whether defendant breached the contract, defendant is not entitled to summary judgment on its counterclaim for breach of the contract by plaintiff.
Plaintiff also raised issues of fact as to its fraud claims. Although there is insufficient evidence that defendant made false or misleading statements, there are triable issues regarding whether defendant had a duty to disclose that it had granted an exclusive license to another company. "The 'special facts' doctrine holds that 'absent a fiduciary relationship between parties, there is nonetheless a duty to disclose when one party's superior knowledge of essential facts renders a transaction without disclosure inherently unfair'" (Greenman-Pedersen, Inc. v Berryman & Henigar, Inc., 130 AD3d 514, 516 [1st Dept 2015], lv denied 29 NY3d 913 [2017], quoting Pramer S.C.A. v Abaplus Intl. Corp., 76 AD3d 89, 99 [1st Dept 2010]). The essential facts must not have been discoverable through the exercise of ordinary intelligence (see Swersky v Dreyer & Traub, 219 AD2d 321, 328 [1st Dept 1996], appeal withdrawn 89 NY2d 983 [1997]). Based on the circumstances of this case, there are disputed issues of fact as to whether
the special facts doctrine applies to plaintiff's allegation that it did not know about the exclusive license and that, if it had known, it would not have entered into a contract with defendant.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020