Silver Point Capital Fund, L.P. v Riviera Resources, Inc. (2021 NY Slip Op 05312)





Silver Point Capital Fund, L.P. v Riviera Resources, Inc.


2021 NY Slip Op 05312


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Index No. 656847/19 Appeal No. 14294 Case No. 2021-01669 

[*1]Silver Point Capital Fund, L.P., et al., Plaintiffs-Appellants,
v
Riviera Resources, Inc., Defendant-Respondent.


Beys Liston & Mobargha LLP, New York (Joshua D. Liston of counsel), for appellants.
Kirkland & Ellis LLP, New York (Stefan Atkinson of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered November 5, 2020, which granted defendant's motion to dismiss the amended complaint, unanimously affirmed, with costs.
Plaintiffs, former minority shareholders of defendant, claim that defendant fraudulently induced them to sell it all of their shares in the corporation just three weeks before it announced an asset sale of its most valuable properties, after which share prices soared and defendant made a substantial distribution to shareholders.
Plaintiffs' fraud-based claims are barred by the release in the letter agreement dated August 6, 2019 (Letter Agreement)[FN1] executed by the parties. Information regarding a planned asset sale and distribution, clearly and unambiguously falls within the scope of this release.
The Letter Agreement sets forth the types of information that were potentially not being disclosed in sufficient detail to enable plaintiffs to make an informed decision as to whether or not to execute the release (see OppenheimerFunds, Inc. v TD Bank, N.A., 2014 NY Slip Op 30379[U], *27-28 [Sup Ct, NY County 2014]; Harborview Master Fund, LP v LightPath Tech., Inc., 601 F Supp 2d 537, 546 [SD NY 2009]). Further, defendant did not make any misleading partial disclosures (see generally Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 135 [1st Dept 2014]).
The "peculiar knowledge" doctrine does not apply; plaintiffs are sophisticated parties that were aware that they were not provided with full information but nonetheless agreed to go forward with a transaction without either demanding access to the omitted information or assurances in the form of representations and warranties (see Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 278-279 [2011]; Rodas v Manitaras, 159 AD2d 341, 343 [1st Dept 1990]; Blink v Johnson, 2015 NY Slip Op 32975[U], *23-24 [Sup Ct, Westchester County 2015]; O.F.I. Imports Inc. v General Elec. Capital Corp., 2016 WL 5376208, *6, 2016 US Dist LEXIS 131565, *19-20 [SD NY Sept. 26, 2016]. For the same reason, the special facts doctrine also does not apply (see Greenman-Pedersen, Inc. v Berryman & Henigar, Inc., 130 AD3d 514, 516 [1st Dept 2015], lv denied 29 NY3d 913 [2017]).
Even if the parties are in a fiduciary relationship, this does not invalidate the release, which was negotiated in the context of an arm's-length business transaction (see Centro, 17 NY3d at 278; Kafa Invs., LLC v 2170-2178 Broadway LLC, 114 AD3d 433 [1st Dept 2014], lv denied 24 NY3d 902 [2014]).
Plaintiffs' fraudulent inducement claim fails because plaintiffs did not allege a "separate fraud from the subject of the release" and because they could not have justifiably relied on the alleged oral misrepresentation in view of the express no-additional-representations clause in the Letter Agreement (see Avnet, Inc. v Deloitte Consulting LLP, 187 AD3d 430, 431-432 [1st Dept 2020]).
Plaintiffs cite no authority for their [*2]suggestion that the contractual release at issue is against public policy. It is irrelevant that New York recognizes a criminal offense for false pretenses larceny, in which a defendant omits to tell his counterparty that he is wrongfully trading on the basis of insider information (see People v Napolitano, 282 AD2d 49, 56 [1st Dept 2001], lv denied 96 NY2d 866 [2001]); defendant informed plaintiffs that it might have access to material, nonpublic information, and plaintiffs waived their right to disclosure thereof.
Finally, plaintiffs' unjust enrichment claim "simply duplicates, or replaces" their fraudulent inducement claim (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021



Footnotes

Footnote 1: We note that the parties refer to the Letter Agreement by the inappropriate, gender specific term "Big Boy Letter."