Beckman Coulter, Inc. v Jabil Circuit Inc. (2022 NY Slip Op 05367)

Beckman Coulter, Inc. v Jabil Circuit Inc.

2022 NY Slip Op 05367

Decided on September 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 29, 2022

Before: Acosta, P.J., Mazzarelli, Gesmer, González, Pitt, JJ. 

Index No. 651387/21 Appeal No. 16297 Case No. 2022-00709 

[*1]Beckman Coulter, Inc., Plaintiff-Respondent,
v
Jabil Circuit Inc., etc., et al., Defendants-Appellants.
Jabil Inc., etc., et al., Counterclaim Plaintiffs-Appellants,
v
Beckman Coulter, Inc., etc., et al., Counterclaim Defendants-Respondents.

Simpson Thacher & Bartlett LLP, New York (Rachel S. Sparks Bradley of counsel), for appellants.
Williams Connolly LLP, New York (Charles L. McCloud of the bar of the District of Columbia, admitted pro hac vice and Chris Edward Mendez of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about January 20, 2022, which granted counterclaim defendants Danaher Corporation, DH Business Services LLC, and Beckman Coulter, Inc.'s (collectively, D&B) motion to dismiss the fifth and sixth counterclaims for fraudulent inducement and fraudulent concealment, unanimously modified, on the law, to reinstate the counterclaims to the extent they are based on allegations of fraudulent omission, and otherwise affirmed, without costs.
The court correctly dismissed the fraud counterclaims to the extent they are premised on alleged misrepresentations. As the court found, counterclaim plaintiffs Jabil Circuit Inc. and Nypro Inc. (together, Jabil) fail to allege any actionable misrepresentations of material fact. The counterclaims do not actually allege that the historical profit/loss statements or other financial information was falsified or inaccurate. Even if the counterclaim allegation that D&B concealed their "actual revenue figures and financials" implies that the disclosed information was falsified or inaccurate, this is a conclusory, speculative allegation that does not satisfy the fraud pleading requirement, as the other material facts alleged in the complaint, in light of the surrounding circumstances, are not sufficient to permit a reasonable inference that the figures disclosed were, in fact, falsified and that the true figures were kept hidden (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-492 [2008]; High Tides, LLC v DeMichele, 88 AD3d 954, 957 [2d Dept 2011]). In addition, contractual disclaimers, including paragraph 30 of the Master Service Agreement, preclude the fraud claims based on alleged revenue and demand misrepresentations, as Jabil expressly represented that it was entering the deal without relying on any of D&B's pre-contractual representations with respect to those issues.
However, the court should not have dismissed the fraud counterclaims to the extent the claims are premised on allegations of a fraudulent omission. Jabil adequately alleged an actionable omission of material fact based on the allegations that D&B had a duty to disclose their underlying intention and the planned consequences of their acquisition of another company, as this alleged hidden plan was peculiarly within their knowledge and could not have been discovered by Jabil through the exercise of ordinary intelligence or diligence; that D&B failed to disclose this plan; and that D&B knew this plan would negatively impact Jabil's economic interests in its contractual arrangement with them (see Sports Tech. Applications, Inc. v MLB Advanced Media, L.P., 188 AD3d 619, 620 [1st Dept 2020]). D&B's arguments that the counterclaims based on a fraudulent omission should be dismissed based on lack of justifiable reliance, the contractual disclaimer provision, or the independent tort doctrine are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2022