Quik Park W. 57 LLC v Bridgewater Operating Corp. (2024 NY Slip Op 05653)

Quik Park W. 57 LLC v Bridgewater Operating Corp.

2024 NY Slip Op 05653

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Index No. 651524/13 Appeal No. 3032-3033 Case No. 2024-00712, 2024-03084 

[*1]Quik Park West 57 LLC, et al., Plaintiffs-Respondents,
v
Bridgewater Operating Corporation, Defendant-Appellant.

Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for appellant.
Feuerstein Kulick LLP, New York (David Feuerstein of counsel), for respondents.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered April 17, 2024, awarding plaintiffs the principal amount of $1,103,068.92, and bringing up for review an order, same court and Justice, entered on or about December 27, 2023, which granted plaintiffs' application for attorneys' fees, unanimously affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The issue of whether the attorneys' fees award is reasonable is properly before this Court, as we previously ruled solely on the issuance of the award of legal fees under the parties' agreement, not whether the awarded fees — which had yet to be determined at that point — were reasonable (see Quik Park W. LLC v Bridgewater Operating Corp., 189 AD3d 488, 489 [1st Dept 2020]). As to the reasonableness of the fees, we find no reason to disturb the court's determination.
Contrary to defendant's contention, a prevailing party, even if only able to show nominal damages, can assert claims for attorneys' fees pursuant to the parties' agreement (see Seibel v Ramsay, 225 AD3d 529, 532 [1st Dept 2024]; Greenman-Pedersen, Inc. v Berryman & Henigar, Inc., 130 AD3d 514, 517 [1st Dept 2015], lv denied 29 NY3d 913 [2017]). While the fee award at issue far exceeds the damages awarded to plaintiffs, defendant failed to demonstrate that plaintiffs' attorneys' fees were unreasonable, especially given this action's lengthy procedural history. Indeed, in challenging the reasonableness of the fee award, defendant does not point to any of the relevant factors other than the award of nominal damages, which is not a dispositive factor (see JK Two LLC v. Garber, 171 AD3d 496, 496 [1st Dept 2019]; see also Seibel v Ramsey, 225 AD3d at 532).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024