## Eloquence Corp. v Elba Jewelry Servs., LLC

2025 NY Slip Op 31182(U)

April 8, 2025

Supreme Court, New York County

Docket Number: Index No. 654526/2022

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                    PART              **11M**

*Justice*

-------------------------------------------------------------------------------X

ELOQUENCE CORPORATION

                             Plaintiff,

                       - v -

ELBA JEWELRY SERVICES, LLC,

                         Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654526/2022 |
| **MOTION DATE** | 12/02/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 66, 67, 68, 69, 70, 71

were read on this motion to/for          REARGUMENT/RECONSIDERATION          .

      Upon the foregoing documents, plaintiff's motion is granted.

## Background

      Eloquence Corporation ("Plaintiff") is a diamond manufacturer and wholesale distributor who began in 2010 to sell loose diamonds to Elba Jewelry Services, LLC d/b/a Sophia Fiori ("Elba"). Elba's principal officer and owner, Bernard Bachoura ("Bachoura"), made what Plaintiff alleges are false and misleading representations regarding Elba's financial status in order to induce Plaintiff to enter into a consignment agreement in 2015. Plaintiff also alleges that Elba failed to pay multiple invoices for loose diamonds. While in the process of negotiating payment options regarding the monies owed, Plaintiff alleges that Bachoura was "secretly in the process of shifting all of Elba's assets to related entities under the same ownership, leaving Elba an empty shell which cannot pay its liabilities." These other entities are Fiori Diamonds LLC ("Fiori") and Elba Jewelry Design Center LLC ("New Elba", collectively with Fiori, Bachoura, and Elba "Defendants").

**654526/2022   ELOQUENCE CORPORATION vs. ELBA JEWELRY SERVICES, LLC ET AL**          **Page 1 of 5**
  **Motion No.  003**

1 of 5

[* 1]

Plaintiff brought the underlying proceeding in November of 2022, with claims for breach of contract, fraud, and others. Under a theory of successor liability, Plaintiff in their sixth cause of action alleged that Fiori and New Elba were responsible for the debts and liabilities of Elba. Defendants brought a motion to dismiss the second through sixth causes of action for failure to state a cause of action. In an order dated October 2024 (the "October Order"), this Court dismissed the complaint in its entirety as to Bachoura, New Elba, and Fiori, and dismissed the third through sixth causes of action as against Elba. Plaintiff brings the present motion to renew and reargue. Defendants oppose.

## Standard of Review

CPLR § 2221(d) allows for a party to make a motion to reargue if it is "identified specifically as such" and requires that it be based "upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion."

## Discussion

In the October Order, this Court held that the complaint did not, as a matter of law, state a claim for successor liability because "there are no allegations that Elba is dissolved and no longer conducting business and that the other two entities acquired any assets of Elba." Plaintiff moves to reargue the issue of successor liability, on the grounds that this Court misapprehended the law. Specifically, Plaintiff argues that 1) a successor liability claim is adequately pled when it is alleged that the predecessor entity is an empty shell and formal dissolution is not required; and 2) allegations that substantially all assets were transferred to the successor entities is sufficient to survive a motion to dismiss. Defendants oppose, arguing that a claim for successor liability

**654526/2022  ELOQUENCE CORPORATION vs. ELBA JEWELRY SERVICES, LLC ET AL**          **Page 2 of 5**
  **Motion No.  003**

2 of 5

requires a showing that the former entity no longer exists, and that Fiori and New Elba did not assume Elba's liabilities. For the reasons that follow, the motion is granted.

### *Formal Dissolution Is Not Required for Successor Liability*

The first issue is whether a technical dissolution of the predecessor entity is required in order to state a valid claim for successor liability. In 1983, the Court of Appeals held that under the mere continuation doctrine, "the predecessor corporation must be extinguished." *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 245 (1983). But a line of cases since have allowed for a claim for successor liability on a de facto merger theory to stand when it is alleged that the predecessor company has been left a "mere shell." *Fitzgerald v. Fahnestock & Co.*, 286 A.D.2d 573, 575 (1st Dept. 2001); *see also Holme v. Global Mins. & Metals Corp.*, 63 A.D.3d 417, 418 (1st Dept. 2009); *Radium2 Capital, LLC v. Xtreme Natl. Maintenance Corp.*, 202 A.D.3d 638, 639 (1st Dept. 2022).

The case law, it should be noted, on this point is muddled. It appears that where, as is the case here, a complaint alleges that a predecessor company was rendered a mere shell by the transfer of assets to the successor company, this is sufficient to survive a motion to dismiss despite the lack of formal dissolution. The recent line of cases support successor liability on a de facto merger theory even without a legal dissolution. But, as discussed above, the Court of Appeals appears in 1983 to have required formal dissolution for the mere continuation doctrine. The mere continuation doctrine and the de facto merger doctrine are often considered "so similar that they may be considered a single exception." *Matter of TBA Global, LLC v. Fidus Partners, LLC*, 132 A.D.3d 195, 211 n. 17 (1st Dept. 2015). The recent line of 'mere shell' cases and *Schumacher* can be reconciled as regards a formal dissolution requirement by an understanding that regardless of the similarities between the two theories, formal dissolution is not required

**654526/2022   ELOQUENCE CORPORATION vs. ELBA JEWELRY SERVICES, LLC ET AL**   **Page 3 of 5**
  **Motion No.  003**

[* 3]

3 of 5

under the de facto merger theory. *See also Tap Holdings, LLC v. Orix Fin. Corp.*, 109 A.D.3d 167, 176 (1st Dept. 2013) (holding that the mere continuation doctrine can apply when the predecessor entity still exists but is "effectively extinguished"). Therefore, here, the lack of pleading of a formal dissolution is not required for successor liability under the de facto merger theory.

*The Asset Transfer Was Sufficiently Pled*

The second issue is whether the complaint adequately alleges that assets were transferred from Elba to Fiori and New Elba. The complaint alleges several times that Elba transferred all of its assets to the successor entities, including "goodwill, trade names, customer lists, and lists of suppliers." The complaint also alleges facts relating to the advertising of Fiori and New Elba as using the same description and founding year of Elba. Plaintiff argues that this is sufficient to survive a motion to dismiss, and Defendants argue that it must be alleged that the successor entity also acquired the liabilities of the predecessor entity. For a de facto merger theory, not all elements are necessary. *Fitzgerald*, at 574 – 75. A key factor for courts to consider is whether the acquiring corporation obtains the intangible assets such as good will and customer lists. *Id.* The heart of the asset transfer analysis is whether "in substance, it was the intent of [the successor] to absorb and continue the operation of [the predecessor]." *Tap Holdings*, at 176. Here, under the favorable standard of the motion to dismiss, the complaint adequately alleged a substantial transfer of assets as to sustain a successor liability theory. Taking the facts alleged as true, from their own advertising material it is clear that Fiori and New Elba intended to absorb and continue the business of Elba. The Court has considered Defendants' other arguments and found them unavailing. Accordingly, it is hereby

**654526/2022   ELOQUENCE CORPORATION vs. ELBA JEWELRY SERVICES, LLC ET AL**           **Page 4 of 5**
   **Motion No.  003**

4 of 5

ADJUDGED that plaintiff's motion is granted; and it is further

ORDERED that the order of this Court in this matter dated October 31, 2024, is hereby amended to deny the motion to dismiss as to Fiori Diamonds LLC, Elba Jewelry Design Center LLC, and the sixth cause of action; and it is further

ORDERED that the caption be amended to reflect the revived status of Fiori Diamonds LLC and Elba Jewelry Design Center LLC as defendants in this matter; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

20250408160422LFRANKDF42098C4144477899E876F0999F951B

| **4/8/2025** | | | | | **LYLE E. FRANK, J.S.C.** | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**654526/2022  ELOQUENCE CORPORATION vs. ELBA JEWELRY SERVICES, LLC ET AL**          Page 5 of 5
**Motion No.  003**

5 of 5

[* 5]