| **Baron v Laundress, LLC** |
| --- |
| 2026 NY Slip Op 30734(U) |
| February 26, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 161675/2023 |
| Judge: Dakota D. Ramseur |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DAKOTA D. RAMSEUR**          PART                    **34M**

*Justice*

------------------------------------------------------------------------X   INDEX NO.          161675/2023

ROBERTA BARON,                                                    MOTION DATE        05/17/2024

                                    Plaintiff,                        MOTION SEQ. NO.        004

                    - v -

THE LAUNDRESS, LLC,CONOPCO, INC.,UNILEVER
UNITED STATES, INC.,JOHN DOES AND JANE DOES #1-      **DECISION + ORDER ON**
10, XYZ CORP. #1-10                                              **MOTION**

                                    Defendant.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for                          DISMISS                          .

On November 30, 2023, plaintiff Roberta Baron commenced the instant personal injury and products liability action against defendants The Laundress, LLC (hereinafter, "The Laundress"), Conopco, Inc. d/b/a Unilever ("Conopco"), and Unilever United States, Inc. ("Unilever") (with Conopco, "corporate defendants"). Plaintiff asserts causes of action for manufacturing defect, failure to warn, design defect, negligence, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, violation of New York General Business Law §§ 349 and 350, violation of New Jersey Consumer Protection Act § 56:8-1, unjust enrichment, and breach of express and implied warranties. In Motion Sequence 004 corporate defendants move to dismiss each of these causes of action pursuant CPLR § 3211(a)(7) for failure to state a cause of action. Plaintiff opposes the motion in its entirety. (*See* NYSCEF doc. no. 31, plaintiff's memo of law.)[1]

---

[1] In *Hernandez v The Laundress, LLC* (NYSCEF index no. 15869/2023), The Laundress moved to consolidate it with this action and *Kong v. The Laundress, LLC, et. al.,* (NYSCEF index no. 153041/2024). That motion is unopposed and was granted pursuant to a separate order dated February 20, 2026. The Court also notes that it

**161675/2023  BARON, ROBERTA vs. THE LAUNDRESS, LLC ET AL**          Page 1 of 12
**Motion No.  004**

[* 1]

## BACKGROUND

In her amended complaint, plaintiff alleges that she regularly purchased and used as many as 16 products produced by The Laundress between 2017 and 2022, including, specifically, on March 14, 2020, January 27, 2021, and September 26, 2021. (NYSCEF doc. no. 22, ¶ 66.) These products included: All-Purpose Bleach Alternative, Crease Release Classic, Glass and Mirror Cleaner, Scented Vinegar No. 247, Hand Soap, Home Spray No. 247, Kitchen Soap Bar Classic, Signature Detergent. (*Id.*)

On or about December 1, 2022, defendants issued a recall of The Laundress's products, including those sold to consumers between January 2021 and September 2022. The recall was precipitated by the possible presence of three life- or health-threatening bacteria, *Burkholderia cepacian*, *Klebsiella aerogenes*, and *Pseudomanas*. The recall notified the public that the company was already aware of eleven consumers who had reported *pseudomonas* infections. (*Id.* at ¶¶ 27, 30.) The amended complaint further states that plaintiff used products that were a part of the recall instigated by The Laundress including but not limited to, "lot codes beginning with the prefix F and the last four digits numbered 9354 or less, lot codes beginning with the prefix H and the last four digits numbered 2262 or less, and lot codes beginning with the prefix T and the last four digits numbered 5264 or less." (*Id.* at ¶ 68.) As a result of using these products on her persons and in her home, plaintiff alleges that she contracted a bronchial *Pseudomanas* infection, which caused her to suffer physical and emotional injuries as well as economic loss in the form

resolved The Laundress's motion to dismiss in these two other cases in separate decisions. Moreover, unlike in *Kong v The Laundress*, here, the parties have not executed a stipulation of discontinuance against Conopco.

**161675/2023 BARON, ROBERTA vs. THE LAUNDRESS, LLC ET AL** **Page 2 of 12**
**Motion No. 004**

[* 2]

of medical bills, lost wages, and loss of personal property. (*Id.* at ¶ 81.) As discussed below, however, the amended complaint does not allege that she underwent diagnostic testing that revealed a positive result, was otherwise formally diagnosed and treated for an infection by her doctors, or identify the specific strain of *Pseudomanas* bacteria that she contracted.

## DISCUSSION

Pursuant to CPLR § 3211(a)(7), "[a] party may move for judgment dismissing one or more causes of action against him on the ground that . . . the pleading fails to state a cause of action." When it considers a motion to dismiss for failure to state a cause of action, the court accepts the facts in the complaint as true, gives plaintiff the benefit of every possible favorable inference, and determines only whether the facts as alleged fit within any cognizable legal theory. (*Connaughton v Chipotle Mexican Grill Inc.*, 26 NY3d 137, 141 [2017]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002].) The court considers whether the plaintiff has a cause of action, not whether he has simply stated one. (*Leon v Martinez*, 84 NY2d 83, 88 [1994].) Accordingly, the court's role in a motion to dismiss is not to determine whether a plaintiff can ultimately establish its allegations, or whether there is evidentiary support for the complaint. (*See EBC I, Inc., v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Frank v DaimlerChrysler Corp.*, 292 AD2d 118, 120-21 [1st Dept 2002].)

*Dismissal Against Unilever and Conopco*

[* 3]

At the outset, defendants raise two arguments as to why dismissal is required against Unilever and Conopco. First, they maintain that the complaint amounts to an improper group pleading and should be dismissed under *Principia Partners LLC v Swap Fin. Group* (194 AD3d 658 [1st Dept 2021]). This argument, however, is unavailing as plaintiff does, throughout the complaint, distinguish between The Laundress and its corporate owners Unilever and Conopco. (*See* NYSCEF doc. no. 22, ¶¶ 3, 4, 15-22.) Second, defendants contend that plaintiff has not pled sufficient facts to pierce the corporate veil between these two defendants and their subsidiary. (*See Horowitz v Aetna Life Ins. Co.*, 148 AD2d 584, 586 [2d Dept 1989] ["A parent company is not liable for the torts of its subsidiary, even if it is a wholly owned subsidiary, unless it can be shown that the parent's control over the subsidiary disregards its corporate independence."]) This argument is likewise unpersuasive. Generally, a fact-laden claim to pierce the corporate veil is unsuited for resolution on pre-discovery motions to dismiss. (*Cortland St. Recovery Corp. v Bonderman* (31 NY3d 30, 47 [2018], *citing Holme v Global Mins. & Metals Corp.*, 63 AD3d 417 [1st Dept 2009].) Nonetheless, a plaintiff must do more than merely allege that the defendant engaged in improper acts or acted in bad faith while representing the corporation. (*East Hampton Union Free School Dist. V Sandpebble Bldrs. Inc.*, 16 NY3d 775, 776 [2011].) It must "adequately allege the existence of a corporate obligation and that defendant exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice. (*Id.*, quoting *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993] [internal quotations omitted].) At this juncture, the Court finds that plaintiff has established the basic elements of a veil piercing claim, as she has alleged that Conopco and Unilever: (1) have integrated manufacturing, sales, and distribution systems with The Laundress; (2) share a number of officers, directors and employees

161675/2023  BARON, ROBERTA vs. THE LAUNDRESS, LLC ET AL                Page 4 of 12
Motion No. 004

4 of 12

[* 4]

with The Laundress; (3) own a majority or all of The Laundress's stock after acquiring the company in 2019; and (4) continue to exert excessive control over the Laundress even though the company operates from its New York City headquarters. (NYSCEF doc. no. 22, ¶¶ 17-22; 23; 81.) For this same reason, the branch of the motion seeking dismissal of plaintiff's cause of action under New Jersey's Consumer Protection Act must also be denied. Defendants correctly point out that this cause of action is entirely premised on Conopco and Unilever being New Jersey-based corporation and proper parties to this action. However, since the Court has found that plaintiff has properly pled veil-piercing causes of action against them, and since defendants' raise no substantive grounds for dismissal under the act itself, they are not entitled to such relief.

*Whether Plaintiff Has Adequately Alleged Proximate Causation*

To establish proximate cause, plaintiff must show that defendants' conduct was a substantial cause of plaintiff's injury. (*Bindler v Lenox Hill Neighborhood House, Inc.*, 217 AD3d 440, 441 [1st Dept 2023].) Defendants argue that plaintiff has failed to connect her use of The Laundress's products to her alleged *pseudomonas* infection. In defendants' view, because plaintiff does not identify a specific strain of *pseudomonas* or give a precise timeline of her infection, plaintiff's allegations do not give rise to a "plausible" inference that their products caused plaintiff's injuries. Yet, as the Court found in the related action *Hernandez v The Laundress* (NYSCEF index no. 158697/2023), under New York's lenient notice pleading standard (*see* CPLR 3013), the failure to identify the specific strain of *pseudomonas* is not a fatal defect so long as plaintiff has supplied sufficient facts from which one could conclude she was exposed to the *pseudomonas* bacteria. And, as in *Kong v The Laundress* (NYSCEF doc. no.

161675/2023  BARON, ROBERTA vs. THE LAUNDRESS, LLC ET AL
Motion No. 004

Page 5 of 12

153041/2024), the fact that the recall was issued over a *potential* contamination is not dispositive either, as this would require plaintiff to show that their infection was not the result of some other source of contamination. In both cases, the Court concluded that the plaintiff had squarely demonstrated that exposure to defendants' products could be a "substantial cause" for their injuries.

The same holds here: she alleges that (1) from approximately 2017 through 2022, she regularly purchased and used products from The Laundress, including on March 14, 2020, January 27, 2021, and September 26, 2021; (2) she was exposed to the *pseudomonas* bacteria as a result, (3) on December 1, 2022, the Laundress issued a recall of products totaling at least eight million individual items; (4) the products she used were specifically included in The Laundress product recall; and (5) she contracted a bronchial *pseudomonas* infection and personal injuries as a result of using The Laundress products. (NYSCEF doc. no. 22, ¶¶ 27, 66-81.) Lastly, the Court notes that, in a federal class action lawsuit against The Laundress, concerning the same recall that is at issue here, the Southern District of New York denied The Laundress's motion to dismiss for failure to plead proximate causation. (*See* NYSCEF doc. no. 34, *Ostenfeld v The Laundress*, 22-CV-10667 [JMF] [SDNY 2024].) In doing so, it determined the plaintiffs had sufficiently pled the substantial factor test by alleging that they were exposed to the three types of bacteria found in the defendants' products, testing that showed the presence of bacteria in their culture, and subsequent injuries were sufficient at the pleading stage to meet the substantial factor test. (*Id.* at 20-21.) Accordingly, defendants are not entitled to dismissal on these grounds.

**161675/2023  BARON, ROBERTA vs. THE LAUNDRESS, LLC ET AL**                    Page 6 of 12
**Motion No.  004**

6 of 12

[* 6]

*Dismissal of Plaintiff's Fraudulent Misrepresentation, Fraudulent Concealment, and Negligent Misrepresentation Claims*

To state a cause of action for fraudulent misrepresentation, "a plaintiff must allege '[1] a misrepresentation or a material omission of fact which was [2] false and known to be false by defendant, [3] made for the purpose of inducing the other party to rely upon it, and [4] justifiable reliance of the other party on the misrepresentation or material omission, and injury.'"(*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011], quoting *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *see also Gomez-Jimenez v New York Law Sch.*, 103 AD3d 13, 17-18 [1st Dept 2012].) For fraudulent concealment, in addition to the four factors described above, the plaintiff must allege that defendant had a duty to disclose material information and failed to do so. (*Gomez-Jimenez*, 103 AD3d at 18.) The duty to disclose may arise where a fiduciary duty exists between the plaintiff and defendant or, under the "special facts" doctrine, where the defendant has superior knowledge of essential facts that would render the transaction inherently unfair in the absence of disclosure. (*Greenman-Pedersen, Inc, v Berryman & Henigar, Inc.*, 130 AD3d 514, 516 [1st Dept 2015]; *LMM Capital Partners, LLC v Mill Point Capital, LLC*, 224 AD3d 504, 508 [1st Dept 2024].) CPLR § 3016 (b) requires a plaintiff asserting a fraud-based cause of action to describe the circumstances constituting the wrong in detail. (*See* CPLR 3016 [b].) In construing this provision, however, courts must be wary that the misconduct complained of need only be set forth "in sufficient detail to clearly inform a defendant with respect to the incidents complained of" and not "so strictly as to prevent an otherwise valid cause of action where it may be 'impossible to state in detail the circumstances constituting a fraud." (*Lanzi v Brooks*, 43 NY2d 778, 780 [1977].)

**161675/2023  BARON, ROBERTA vs. THE LAUNDRESS, LLC ET AL**
**Motion No.  004**

Page 7 of 12

Plaintiff's fraudulent misrepresentation claim is premised on ten statements that allegedly defendants made that they knew to be false. In paragraph 133, plaintiff alleges that defendants marketed their products as (1) "safe," (2) "safe for everyday use," (3) "safe for human exposure," (4) "healthier products than ordinary or competitor cleaning products," (5) "non-hazardous," (6) "non-toxic," (7) "utilizing natural ingredients and eco-friendly chemicals that are allegedly better for customers' bodies and the environment," (8) "premium or luxury quality," (9) "effective," and (10) "reliable." (NYSCEF doc. no. 22 at ¶133.) At the outset, defendants are correct that the statements "premium or luxury quality," "effective," and "reliable" are non-actionable puffery. (*See Matter of Sundial Growers, Inc.Sec. Litig.*, 191 AD3d 543, 544 [1st Dept 2021] [finding "high-quality" and "premium" to be non-action puffery].) [2] However, the remaining statements are all adequately pled. Defendants contend that, while identifying the purported misrepresentations, the amended complaint does not attribute any of them to a specific entity, identify which statements she encountered on third-party websites, or explain how the statements are false. However, the amended complaint does, in fact, attribute these statements to defendants "falsely marketing and selling their products." (*Id.*) The reference to a third-party in paragraph 133 refers to places where customers could purchase The Laundress's products—not to third-party entities that made separate representations. And to the extent plaintiff does not explain within paragraph 133 how each statement is false, the manner in which these statements are allegedly false is laid out in the complaint as a whole. (*Id.* at ¶66-76.) This finding comports with the federal class action decision as well. (*See* NYSCEF doc. no. 34, *Ostenfeld v The Laundress*, 22-CV-10667 at 15-16 [SDNY 2024] [finding plaintiffs sufficiently allege that The Laundress'

---

[2] Since plaintiff's opposition did not address whether these statements were puffery, the Court considers a fraudulent misrepresentation claim based on them to have been abandoned.

[* 8]

labeling and advertisement of its products as "non-toxic" was likely to mislead a reasonable customer].)

Next, defendants contend that plaintiff's amended complaint fails to allege that it knew these representations to be false, at the time they were made, beyond mere speculation and conclusory allegations. More specifically, in its view, the assertion "defendants knew or had reason to know that The Laundress's products contained…the bacteria while the contaminated Products were being manufactured, distributed, and sold" (NYSCEF doc. no. 22 at ¶35) is based solely on speculation. Yet their memorandum of law acknowledges that prior to the December 1 recall, testing and consumer reports confirmed the presence of bacteria in their products. (*See* NYSCEF doc. no. 28 at 13; NYSCEF doc. no. 22 at ¶¶ 27-32, 46.) And, while they suggest these reports were received after plaintiff stopped purchasing their products, nothing in their motion papers definitively establishes this timeline. As to plaintiff's fraudulent concealment claim, defendants contend that the parties did not enjoy a fiduciary relationship, and the special facts doctrine does not apply because it did not possess superior knowledge which would require disclosure. However, as discussed above, plaintiff has adequately alleged that defendants knew of a possibility of contamination, a fact peculiarly within its knowledge, while still selling its products to potential consumers like plaintiff before the December 1, 2022 recall. (*See P.T. Bank Cent. Asia v ABN AMRO Bank N.V.*, 301 AD2d 373, 378 [1st Dept 2003] [finding that, while evidence may come to light that demonstrates the defendants did not knowingly make a misrepresentation, dismissal is inappropriate based solely on allegations in the complaint].)

161675/2023  BARON, ROBERTA vs. THE LAUNDRESS, LLC ET AL
Motion No. 004

Page 9 of 12

9 of 12

Plaintiff's negligent misrepresentation cause of action, however, must be dismissed. To properly state this cause of action, the plaintiff must allege the existence of a special or privity-like relationship that would impose a duty on defendant to correct information. (*J.A.O. Acquisition Corp v Stavitsky*, 8 NY3d 144, 148 [2007].) Liability for negligent misrepresentation may only be imposed on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified. (*Murphy v Kuhn*, 90 AD NY2d 266, 270 [1997]; *North Star Contr. Corp. v MTA Capital Constr. Co.*, 120 AD3d 1066, 1069 [1st Dept 2014] [ "A court will find a special relationship if the record supports 'a relationship so close as to approach that of privity, or, stated another way, the 'functional equivalent of contractual privity'"] [internal citations omitted].) Here, because (1) plaintiff's theory of liability is based on her purchase of defendants' products as an ordinary consumer, and (2) the alleged negligent misrepresentation occurred as part of defendants' false advertising and/or marketing, i.e., the statements that were not made directly to her, plaintiff has not, and cannot, allege that defendants were in a "special position of confidence and trust" with her or that their relationship was so close as to be the functional equivalent of contractual privity.

*Plaintiff's New York Statutory Claims*

In one way or another, the Court has already addressed each of defendants' three arguments as to why plaintiff has failed to state causes of action under GBL §§ 349 and 350. Plaintiff *has* adequately alleged false and misleading conduct (*supra* at 4-5), that they knew their representations were false (*supra* at 5), and that they had this knowledge at the time plaintiff

purchased their products (*supra* at 5).[3] Defendants cite to *In re Sling* (202 F Supp 3d 352 [SDNY 2016]) and *Harris v Pfizer, Inc.* (586 F Supp 3d 231 [SDNY 2022]) in support of the proposition that plaintiff did not adequately allege that they had knowledge of the contamination at the time of the sale. In both cases, though, the motions were brought under the stricter "plausibility" standard of Rule 12 (b) of the Federal Rule of Civil Procedures than what is required under CPLR 3211 (a) (7). (*See In Re Sling*, 202 F Supp 3d at 359 ["Plaintiffs have failed to plead facts sufficient to lead to the reasonable inference that [the defendant] … engaged in a deceptive or misleading act or practice"], citing *Ashcroft v Iqbal*, 556 US 662 [2009]; *Harris*, 586 F Supp 3d at 242 [dismissing GBL §§ 249 and 250 claims  where the allegations were not "sufficient to *plausibly* establish that Pfizer knew about the nitrosamine contamination"].)

*Unjust Enrichment*

Defendant argues that plaintiff's unjust enrichment claim should be dismissed as it is duplicative of her other claims and she already has an adequate remedy at law. Since plaintiff does not oppose this branch of the motion, it is granted.

*Punitive Damages*

Punitive damages may be granted when the nature of a party's conduct has a high degree of moral culpability which manifests as the conscious disregard of the rights of other or conduct that may constitute willful or wanton negligence or recklessness. (*Home Ins. Co. v American*

---

[3] Defendants' motion does not raise an issue as to whether its conduct was consumer oriented.

**161675/2023  BARON, ROBERTA vs. THE LAUNDRESS, LLC ET AL**                    Page 11 of 12
**Motion No. 004**

*Home Prods. Corp.*, 75 NY2d 196, 204 [1990].) Under New York law, putative damages have been sanctioned in actions based on both negligence and strict liability. However, "the injury must be shown to be emblematic of much more than individually sustained wrong. It must be shown to reflect pervasive and grave misconduct affecting the public generally, to, in a sense, merge with a serious public grievance, and thus merit punitive, indeed quasi-criminal sanction by the State." (*Fabiano v Philip Morris Inc.*, 54 AD3d 146, 151 [1st Dept 2008] [internal citations omitted]; *see Sciafani v Brother Jimmy's BBQ, Inc.*, 88 AD3d 515, 567-568 [1st Dept 2011].) Given the high degree of moral culpability and reckless disregard for the rights of consumers that would be reflected by defendants' conduct should plaintiff demonstrate, as alleged, that defendants knew of or should have known of the bacterial contamination in its products yet still manufactured, distributed, and sold to consumers, the Court finds dismissal premature.

The Court has considered all remaining grounds for dismissal and found them unavailing. Accordingly, for the foregoing reasons, it is hereby,

ORDERED that defendants' motion to dismiss pursuant to CPLR 3211 (a)(7) is granted to the extent of dismissing plaintiff's causes of action for negligent misrepresentation and unjust enrichment, but otherwise denied; and it is further

ORDERED that counsel for plaintiff shall serve a copy of this order, along with notice of entry, on all parties within twenty (20) days of entry.

This constitutes the Decision and Order of the Court.

| 2/26/2026 | | | | |
|-----------|--|--|--|--|
| DATE | | | DAKOTA D. RAMSEUR, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|--|--------------------------|--|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**161675/2023   BARON, ROBERTA vs. THE LAUNDRESS, LLC ET AL**
**Motion No. 004**

Page 12 of 12

[* 12]

12 of 12